SEABOARD AIR LINE RAILWAY AND THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND v. LESSIE HORTON, DECEASED.

(Filed 2 October, 1918.)

1. **Supreme Court—Jurisdiction—Opinion Certified.**

    After the Supreme Court of this State has certified its opinion and remanded the case to the Superior Court, it is without further jurisdiction except when it is properly before it upon petition to rehear (Rule 52, 174 N. C., 841), and may make no further orders therein.

2. **Appeal and Error—Writ of Error—When Granted—Supreme Court.**

    A writ of error to the Supreme Court of the United States should be applied for to the presiding officer of the State court, under the Federal statute, within three months after the rendition of the judgment or decree complained of, and not to the court.

**3. Supersedeas—Ancillary Remedy—By Whom Granted—Supreme Court.**

A supersedeas is ancillary to a writ of error, and the former may be granted by the same judge who has granted the latter, or both may be granted by a justice of the Supreme Court of the United States.

**4. Certiorari—Supreme Court of United States—By Whom Granted—Supersedeas.**

A certiorari, provided as a substitute for the writ of error, is issuable within the discretion of the United States Supreme Court, and not by a justice thereof, and when the application therefor has been granted a supersedeas may issue as ancillary thereto. Sec. 2, ch. 448, U. S. Laws 1916.

**5. Supersedeas—State Supreme Court—United States Statutes—Petition to State Supreme Court.**

Where an appeal has been remanded and certified to the Superior Court, which presents a Federal question, and which the appellant desires to have reviewed by the Supreme Court of the United States, his procedure should conform to the requirements of the Federal statutes (Laws 1916, ch. 448), and his petition to the State Supreme Court for a supersedeas to stay the execution of the judgment it has certified down will be denied.

PETITION for *supersedeas.*

*Cansler & Cansler and Armfield & Vann for petitioners.*
*Stack & Parker for respondent.*

CLARK, C. J. Judgment in this case was affirmed on appeal, 8 May, 1918, and was duly certified down. Subsequently, at August Term, 1918, of Union, the plaintiff in that case moved for judgment against the surety in accordance with the tenor of the *supersedeas* bond and for judgment against the railway company upon the certificate of the Supreme Court. This was opposed upon the grounds (1) that the surety was released from liability on the bond because of the fact that the railroads were placed under the control of the government, and the process could not be levied upon their property while under control of the government; (2) that the railway company had applied to the Supreme Court for a writ of *certiorari,* and no judgment should be rendered pending that application; and (3) that if judgment should be rendered against the surety, execution should be stayed pending the hearing of the petition for *certiorari.* The court overruled these objections and rendered judgment for plaintiff in accordance with her motion. The defendants appealed, but did not perfect the appeal.

Although the judgment of this Court was rendered on 8 May, 1918, the defendants did not file a petition for *certiorari* with the United States Supreme Court until 5 August, 1918, after that Court had adjourned, though it had remained in session until some time in July, for more than

two months after judgment of affirmance; nor did they file their application for *supersedeas* in this Court until 10 September, more than 120 days after said judgment. The correctness of the judgment is not involved in this motion.

We are of the opinion: 1. This Court, having certified its opinion and remanded the case to the court below, is without jurisdiction to make any orders therein. It might have been brought before this Court by petition to rehear, if filed in forty days after the opinion, in compliance with Rule 52 of this Court (174 N. C., 841), but this was not done.

The case could have been taken by writ of error to the United States Supreme Court under the Judicial Code, sec. 237, but under U. S. Laws 1916, ch. 448, sec. 6, ratified 6 September, 1916, the application for writ of error could not be allowed unless applied for "within three months" after the rendering of the judgment or the decree complained of. An application for a writ of error must be made, not to this Court, but to the presiding officer of the same, and, if allowed, a *supersedeas* will be granted by him, or the application must be granted by a judge of the United States Supreme Court, who would issue the *supersedeas* as ancillary to the writ of error. This has not been done, and the time has elapsed in which the application could be made. The petition relies upon the second clause of section 2 of the aforesaid chapter 448, which provides: "It shall be competent to the Supreme Court, by *certiorari* or otherwise, to require that there be certified to it for review and determination, with the same power and authority and with like effect as if brought up by writ of error, any cause where any final judgment or decree has been rendered or passed by the higher Court of the State in which any decision could be had, where," etc.

It will be seen that such application for *certiorari* could not be made to this Court, but must be made to the United States Supreme Court, which alone can decide whether such application can be granted or not. It will be granted only where sufficient cause, doubtless, is shown why the petitioner had failed to make his application for writ of error in the time allowed by law; or where such writ of error would not lie, it would be a substitute for a writ of error if the Supreme Court in its discretion should think fit to issue it.

But when there is a writ of error the *supersedeas* is granted as ancillary and by the presiding officer of the State Court, or by a judge of the United States Supreme Court, who grants the writ of error. And where the *certiorari* is granted in lieu of a writ of error, this cannot be done by a single judge, but by the United States Supreme Court in its discretion, and that Court alone can grant the *supersedeas*.

In such cases the *supersedeas* is ancillary to the writ of error, or to the *certiorari* issued in lieu thereof, and can be granted only in aid of such

process and by the same authority which grants the writ of error or the *certiorari.*

This Court has no jurisdiction of the matter in controversy; and the remedy of the petitioner, if any, is by application to the United States Supreme Court, which will be in session 7 October, by a motion for *certiorari* to take the case up in lieu of the writ of error, which has been lost by the lapse of the three months, and, if the *certiorari* is granted, by application for a *supersedeas* as ancillary thereto.

This Court is solely an appellate Court, except as to claims against the State; and when a decision on appeal has been rendered and certified, the jurisdiction of this Court is at an end. *James v. R. R.,* 123 N. C., 299; *Finlayson v. Kirby,* 127 N. C., 222; *White v. Butcher,* 97 N. C., 7.

Even if this Court had jurisdiction of this cause, it would have no power to grant a *supersedeas* pending a petition to the United States Supreme Court for *certiorari.* There is no Federal statute and no State statute authorizing such procedure, and no decision of any court has been cited to justify it.

The writ of *supersedeas* is a writ issuing from the appellate court to preserve the *status quo* pending the exercise of the jurisdiction of that court. It issues only to hold the matter in abeyance pending the review of the case, and therefore is granted only by the court which orders the removal of the cause, and is regulated by statute. *Hovey v. McDonald,* 109 U. S., 150.

A case in point in this State is *Bank v. Stanly,* 13 N. C., 479, by *Henderson, C. J.,* who said: "The *supersedeas* should be dismissed, because one court cannot supersede the process of another, however superior the one may be to the other, *but in the exercise of and as ancillary to its revising power."*

This Court cannot be asked to grant the *supersedeas* as ancillary to its revising power; for, after we have affirmed the judgment below, we have no authority to grant a writ of error or *certiorari* to remove the case from the courts of this State to the United States Supreme Court. We are asked to grant it, not pending the action of a higher court, to which the cause has been removed by this Court, but pending such time as such higher court with right of review shall decide whether or not it will exercise that right. To grant it under such circumstances is unreasonable and unheard of. The *supersedeas* should be issued by that court if it should grant the *certiorari* to remove the cause.

The action of the Superior Court cannot be reviewed, except by appeal. Revisal, 583; *Clothing Co. v. Hay,* 163 N. C., 495.

When a writ of error removing a cause to the Supreme Court has been granted, it is then pending in the United States Supreme Court. In such case, execution cannot be stayed, unless the plaintiff in error files

his writ of error within the legal time after entry of the judgment, for there can be no *supersedeas* if the writ of error is invalid. *Title Co. v. U. S.*, 222 U. S., 401. In this last case the writ of error had been granted, but the *supersedeas* was vacated, because the writ of error was not applied for within the required time.

It is claimed that some of the Federal Circuit Courts have granted a short stay, to enable the party to apply to the United States Supreme Court for *certiorari*. But this does not authorize the State courts to take such action, since the power of the State courts in such case proceeds from the Federal statute alone. Moreover, in the Federal courts the stay was granted for only a few days, and not after a delay of more than two months, during which time the United States Supreme Court was in session.

Motion denied.