COMFORT SPRING CORPORATION v. G. R. BURROUGHS.

(Filed 8 June, 1940.)

1. Contracts § 7a: Injunction § 8—

A contract by an employee not to engage in a similar business within a specified territory for a certain time is valid and enforceable only if the restraint imposed is reasonably necessary to protect the business or good will of the employer and imposes no greater restraint upon the employee than is reasonably necessary for this purpose, provided its enforcement would not be detrimental to the public interest in depriving it of the services and skill of the employee or in incurring the danger of the employee becoming a public charge.

2. Same—

A covenant by an employee not to engage in a similar business in the entire United States as an employee of a named competitor is unreasonable and oppressive upon the employee and unnecessary for the protection of the employer, and is void as being in restraint of trade, and the employer may not enforce such contract in the absence of allegation and evidence circumscribing and limiting the territory by showing the extent of the territory over which its business extends.

3. Injunctions § 12—

The party seeking injunctive relief has the burden of proof.

COMFORT SPRING CORP. *v.* BURROUGHS.

APPEAL by plaintiff from *Clement, J.,* at October Term, 1939, of GUILFORD.

*B. L. Herman for plaintiff, appellant.*
*Miller & Myers for defendant, appellee.*

SCHENCK, J.   This is an action to restrain and enjoin the violation of restrictive covenant contained in a written contract of employment entered into between the plaintiff, as employer, and the defendant, as employee.   The contract contained, *inter alia,* the following provision:

"If the contract is terminated as herein provided by the party of the second part (the defendant), or by the party of the first part (the plaintiff), for cause, then for the period of three years thereafter he contracts and agrees not to represent any company, person or firm, either directly or indirectly, in any of the Southern States for the sale of products similar to those sold by the party of the first part.   If the party of the first part shall terminate said contract without just cause, then and in that event the party of the second part shall be at liberty to represent, in any Southern State or in any other territory, any company, person or firm selling products similar to those sold by the party of the first part, other than the Spring Products Corporation, of New York City, but as to such last named corporation, or its successor, it is understood and agreed that for the period of five years immediately following the termination of this contract by either party for or without cause, the party of the second part shall not, directly or indirectly, enter into the employ of such corporation, or its successor, or represent same within the entire United States; and the said party of the second part agrees that for said period of five years and in the United States he will not represent or enter the employ of the said Spring Products Corporation in any manner whatsoever."

The complaint makes the following allegations:

"5. That the defendant G. R. Burroughs is no longer in the employment of the plaintiff, and that the termination of said employment was in no manner caused or contributed to by the said plaintiff, and that the defendant has accepted employment with the Spring Products Corporation, of New York City, and has entered upon such and has called and is calling upon customers of the plaintiff.

"That the said Spring Products Corporation is a business similar in nature to that of the plaintiff, and that the defendant has become acquainted with confidential information of the plaintiff and of the trade.

"6. That the defendant G. R. Burroughs, while in the employment of the plaintiff from the 2nd day of June, 1938, and for some time prior thereto became acquainted with all the business affairs of the plaintiff and of all the confidential records and information of the plaintiff's past and present customers.

"That if the defendant G. R. Burroughs is permitted and allowed to directly or indirectly enter the employment of a competitor of the plaintiff and especially the employment of the Spring Products Corporation, of New York City, or to enter into a like business of his own, with the peculiar knowledge and information of the plaintiff's business and customers as above set out, which he may now use so as to benefit said rival and seriously injure the plaintiff, and which he is now doing and threatens to and will continue to do unless restrained by this court, he will continue to cause great and irreparable injury and damage to the plaintiff.

"7. That said acts of the defendant G. R. Burroughs in violation of said agreement constitute a continuing injury to and interference with plaintiff's business and greatly reduce plaintiff's profits, and plaintiff cannot be fully compensated in damages, but is suffering and will continue to suffer irreparable injury."

In the municipal court of the city of High Point, where the action was commenced, the defendant filed a demurrer *ore tenus* upon the ground that the complaint did not state facts sufficient to state a cause of action. This demurrer was overruled by the municipal court, and a judgment was entered restraining the defendant from engaging or continuing in the employment of the Spring Products Corporation, as salesman or otherwise, for a period of five years anywhere in the United States; and further restraining the defendant from engaging or continuing in the employment of any person or corporation, who shall be engaged in any business of a like or similar nature or character as the springs business now being conducted by the plaintiff, as salesman or otherwise, in any Southern State for a period of three years.

From the judgment of the municipal court the defendant appealed to the Superior Court, where the demurrer was again heard, and judgment entered sustaining the defendant's assignments of error, reversing the judgment of the municipal court, and sustaining the demurrer of the defendant.

From the judgment of the Superior Court the plaintiff appealed to the Supreme Court, assigning as error (1) the sustaining of defendant's exception to the signing of the judgment of the municipal court, (2) the sustaining of defendant's exception to the refusal of the municipal court to sustain the defendant's demurrer *ore tenus,* and (3) the holding by the court, as a matter of law, that the contract of employment is both unreasonable as to time and as to territory and is not necessary for the protection of the plaintiff, as an employer, and is oppressive to the defendant, in restraint of trade, against public policy, and therefore illegal and void.

These assignments of error present but a single question, namely: Is the restrictive covenant in the contract of employment unreasonable as to

time or territory, and unnecessary for the protection of the employer, and oppressive to the employee, and therefore in restraint of trade, and illegal and void? We are constrained to answer the question in the affirmative.

It should first be observed that the only breach of the restrictive covenant alleged is that the defendant has accepted employment from the Spring Products Corporation and is calling upon the customers of the plaintiff. There is no allegation nor evidence as to the territory in which the defendant is calling upon the plaintiff's customers, whether in the "Southern States" or elsewhere. In truth, there is no allegation nor evidence as to over what territory the plaintiff's business extends. Therefore we are called upon to decide simply the question as to whether the covenant that the defendant would not accept employment as a salesman or otherwise from the Spring Products Corporation anywhere in the United States is unreasonable and oppressive, and in restraint of trade.

While it is true a contract by an employee not to engage in a certain business within a reasonable area and for a reasonable length of time, which does not affect the interest of the·public, and is necessary to protect the employer, may be upheld, *Scott v. Gillis,* 197 N. C., 223; *Moskin Bros. v. Swartzberg,* 199 N. C., 539, it is equally true that contracts restraining freedom of employment can be enforced only when they impose a reasonable restraint and are not wider in scope than is necessary for the protection to which the employer is entitled, and are not injurious to the public interest. *Sherman v. Pfefferkorn,* 241 Mass., 468, 135 N. E., 568. See annotations in 29 A. L. R., 1331.

A test to determine whether or not a restraint is reasonable is to inquire whether the restraint is necessary for the protection of the business or good will of the employer, and, if so, whether it imposes on the employee any greater restraint than is reasonably necessary to protect the business of the employer, or the good will thereof, regard also being had to the injury which may result to the public by restraining the breach of the covenant, the loss of the service and skill of the employee and the danger of his becoming a charge on the public. *Briggs v. Mason,* 217 Ky., 269, 289 S. W., 295; 52 A. L. R., 1344. See annotations 52 A. L. R., 1362.

The burden of proof in an application for a restraining order or injunction is upon the party seeking such relief, and in the absence of any allegation or proof as to the territory over which the plaintiff's business extends, we are impelled to hold that the restriction upon the defendant to engage as a salesman for the Spring Products Corporation "within the entire United States" is unnecessary for the protection of

the plaintiff, and unreasonable and oppressive upon the defendant, and is, therefore, in restraint of trade and illegal and void.

We conclude that the judgment of the Superior Court must be affirmed, and it is so ordered.

Affirmed.