CITY OF NEW BERN, a North Carolina Municipal Corporation, v. ERSLE M. WALKER and wife, RUBY EPTING WALKER.

(Filed 20 September, 1961.)

**1. Injunctions §§ 4, 13; Municipal Corporations § 34—**

Where a temporary order restraining defendant from violating a zoning ordinance has been properly continued to the hearing on the merits, defendant is not entitled to stay the restraining order until the hearing on the merits even though he files bond.

**2. Appeal and Error § 13—**

A supersedeas is a writ issuing solely from an appellate court to preserve the *status quo* pending the exercise of the appellate court's jurisdiction, and upon certification of opinion of the Supreme Court affirming the judgment of the lower court, the effect of the writ terminates.

APPEAL by defendants from *Cowper, J.,* at Chambers 27 June 1961 in CRAVEN.

Plaintiff seeks to permanently enjoin defendants in the alleged violation of a zoning ordinance of the City of New Bern. Plaintiff asserts that the feme defendant has a life estate in certain lots zoned as residential property, and that she and her husband are using the property as a commercial garage for the storage and repair of heavy equipment, particularly tractors and trailers.

The court issued a temporary injunction on 31 May 1961. Defendants thereafter filed motion and petition that the court "maintain the *status quo* and permit the giving of a supersedeas bond" pending the final hearing on the merits. The motion was heard 27 June 1961, and the court entered an order denying defendants' motion and continuing the temporary injunction until the final determination of the action.

Defendants appealed.

*A. D. Ward for plaintiff.*
*Charles L. Abernethy, Jr., for defendants.*

PER CURIAM. In effect, defendants contend that they are entitled, as a matter of right, to continue and maintain their commercial garage business *in statu quo* pending the determination of the validity of the zoning ordinance, upon making bond in an amount to be fixed by the Superior Court.

". . . G.S. 160-179 expressly authorizes the use of the injunctive power of the court to enjoin violations of zoning ordinances." *Raleigh v. Morand,* 247 N.C. 363, 366, 100 S.E. 2d 870. "There can be no doubt that this statute authorizes the present proceeding; and it may be found to enlarge the scope of the ordinary equity jurisdiction, or to provide a statutory injunction to be applied to acts and conditions ordinarily considered as being beyond equity interference." *Fayetteville v. Distributing Co.,* 216 N.C. 596, 602, 5 S.E. 2d 838. Appellants cite no authority for the proposition that a temporary injunction may not issue to restrain a violation of a zoning ordinance pending a final adjudication upon the merits, or that the alleged violators are entitled to maintain the *status quo,* as a matter of right, until the action is terminated.

The verified pleadings and affidavits are sufficient to substantiate the court's findings of fact, and the findings of fact support the order continuing the temporary injunction.

Defendants' motion was for a "supersedeas bond." Supersedeas was not available in the trial court. "Supersedeas" is a writ issuing from an *appellate court* to preserve the *status quo* pending the exercise of the appellate court's jurisdiction, is issued only to hold the matter in abeyance pending review, and may be issued only by the court in which an appeal is pending. *Seaboard Air Line R. Co. v. Horton,* 176 N.C. 115, 96 S.E. 954. The trial court was without authority to issue writ of supersedeas. The purport of defendants' motion was for the dismissal or modification of the temporary injunction. G.S. 1-498. In the denial of the motion we find no error.

The Supreme Court issued a writ of supersedeas in this case, effective pending review. Upon the certification of this opinion to the Superior Court of Craven County the effect of this writ terminates.

The order appealed from is

Affirmed.