HARWELL ENTERPRISES, INC. v. GARY L. HEIM, INDIVIDUALLY, ·AND GARY L. HEIM AND DWIGHT BALLARD, TRADING AS METRO SCREEN ENGRAVING COMPANY

### No. 11

(Filed 15 April 1970)

**1. Appeal and Error § 55— review of a demurrer**

In passing upon a demurrer the Supreme Court must accept as true the facts alleged.

**2. Contracts § 7;  Master and Servant § 11— covenant not to engage in competition — action for breach — sufficiency of complaint**

The complaint of plaintiff corporation states a cause of action against its former employee and a codefendant for their violation of a covenant by the employee not to engage in silk screen processing or in any other business competitive with plaintiff in the United States for a period of two years, where there are allegations (1) that plaintiff is engaged in silk screen processing throughout the United States, (2) that the contract of employment included the employee's covenant not to engage in competition, (3) that during the course of his employment the employee acquired knowledge of plaintiff's trade and technical processes, customer lists, and price information, (4) that the codefendant knew of the covenant and conspired with the employee to violate its terms; and (5) that the defendants are now actively engaged in silk screen processing in a municipality in this state and are actively soliciting such business from plaintiff's customers.

**3. Contracts § 7— covenant against competition in the U. S. for two years — validity**

A restrictive covenant in an employment contract that the employee will not engage in silk screen processing or in any other business competitive with the employer· in the United States for a period of two years after termination of his employment, *held* valid and enforceable.

**4. Contracts § 7— covenants against competition — enforceability**

Covenants not to engage in competitive businesses will be enforced if they are no broader than reasonably necessary for the protection of the employer's business and do not impose undue hardship on the employee, due regard being given the interests of the public.

**5. Contracts § 7;  Conspiracy § 1— conspiracy to violate covenant against competition — liability of co-conspirator**

Where a person knowingly enters into a conspiracy with an employee to violate the employee's covenant not to engage in a competitive employment or business, the person is jointly liable with the employee for the breach.

ON *certiorari* to the Court of Appeals to review its decision reported in 6 ·N.C. App. 548, 170 S.E. 2d 540.

Plaintiff, Harwell Enterprises, Inc., of Gastonia, North Carolina,

brought this action against Gary Heim (Heim), individually, and Gary Heim and Dwight Ballard (Ballard), trading as Metro Screen Engraving Company of Gastonia, North Carolina, to restrain the operation of defendants' company and to recover money damages.

The complaint alleges: Plaintiff company is a North Carolina corporation with its principal offices in Gastonia, North Carolina, engaged in "various business endeavors including all phases of silk screen processing, plastics, importing and various other ventures throughout the United States." On 27 September 1967, plaintiff employed Heim under a written contract of employment executed by him and described as an "Employee Patent and Trade Secret Agreement," containing in part the following provisions:

"Harwell Enterprises, Inc., is engaged in various business endeavors including all phases of silk screen processing, plastics, importing and various other ventures which will materialize during the time of my employment with HARWELL ENTERPRISES, INC. The nature of these operations or businesses will depend upon constant engineering, research, development, manufacturing, and processes which are of a secret and confidential nature necessary to maintain its business, and in order to continue as a company in these fields.

"THEREFORE, in consideration of the above and in consideration of employment or continued employment with Harwell Enterprises, Inc., and the payment of wages during employment, it is understood and agreed as follows:

\*          \*          \*

"6. I further agree that I will not, after the termination of my employment with Harwell Enterprises, Inc., for any cause whatsoever, engage either directly or indirectly on my own behalf, or on behalf of any other person, persons, firm, partnership, company, or corporation in the business of silk screen processing or any other business providing products and services similar in nature to those of Harwell Enterprises, Inc., or in any competitive business in the United States for a period of two (2) years from the date of the termination of my employment."

Plaintiff further alleges: Heim voluntarily left its employ on 11 February 1968, and in violation of the provisions of his contract, entered into the silk screen processing business with Ballard, a former employee of the plaintiff; during the course of his employment with the plaintiff, Heim acquired knowledge of valuable trade

and technical processes, customer lists, price information, and research and development data and is using this knowledge in violation of his contract; Ballard knew of the employment contract with Heim and conspired with him to violate its terms; and defendants are presently engaged in the operation of the silk screen processing business, are actively soliciting such business from plaintiff's customers, and are supplying silk screen processing equipment and materials to concerns in Gastonia, North Carolina, and Clover, South Carolina, customers of plaintiff during Heim's employment.

Plaintiff prays that the defendants be restrained from engaging in the business of silk screen processing or any other business providing products and services similar to those of the plaintiff for a period of two years beginning 11 February 1968, and that the plaintiff recover damages for the breach of the contract.

Both defendants demurred for failure of the complaint to allege facts sufficient to state a cause of action and for misjoinder of causes of action and parties. Heim also demurred for the reason the employment contract was unreasonable in its provisions, and therefore void.

At the 22 September 1969 Session of Gaston Superior Court, Heim's demurrer was sustained on the ground that "the complaint states a defective cause of action in that the contract sued upon is void and unenforceable because it purports to prevent the defendant from working in 'any competitive business in the United States.'" The demurrer of Ballard was overruled, and plaintiff and Ballard appealed to the Court of Appeals.

The Court of Appeals affirmed the judgment sustaining Heim's demurrer and dismissed Ballard's appeal.

Plaintiff's petition for *certiorari* was allowed on 6 January 1970.

The issuance of a restraining order is no longer involved since the two-year period prohibited in the contract has expired. Only the right of the plaintiff to seek damages for breach of contract remains to be decided.

*Whitener & Mitchem by Basil L. Whitener and Anne M. Lamm for plaintiff appellant.*

*Horace M. DuBose, III, for defendant appellee Heim.*

*Hollowell, Stott & Hollowell by Grady B. Stott for defendant appellee Ballard.*

MOORE, J.

**[1, 2]**    In passing upon the demurrer this Court must accept as true the facts alleged. Hence, for the present hearing these facts are deemed established: (1) Plaintiff is engaged in various business endeavors including all phases of silk screen processing, plastics, importing and various other ventures throughout the United States; (2) the parties entered into a written contract which provided, *inter alia,* that Heim would not engage in any business competitive with the plaintiff in the United States for a period of two years after termination of his employment with the plaintiff; (3) Heim voluntarily left the employment of plaintiff on 11 February 1968; (4) in violation of the terms of the agreement Heim entered into the silk screen processing business with Ballard, also a former employee of the plaintiff; (5) Heim acquired valuable trade and technical processes, customer lists, price information, and research and development data while employed by plaintiff; (6) Ballard knew of the contract between Heim and the plaintiff and conspired with Heim to violate it; and (7) defendants are presently engaged in the silk screen processing business, are actually soliciting business from plaintiff's customers, and are now supplying named concerns in North and South Carolina which were customers of plaintiff during Heim's employment.

**[3]**    Under the facts as alleged, Heim's conduct violated the terms of the restrictive covenant. The question for decision is whether the restrictive covenant is valid and enforceable. The defendants say its territorial scope (United States) is too large, and the business sought to be protected (any competitive business) is too broad; hence, it is void and unenforceable. We hold otherwise. The general rule for the interpretation of such covenant is well stated by Stacy, C.J., in *Beam v. Rutledge,* 217 N.C. 670, 9 S.E. 2d 476:

> "The test to be applied in determining the reasonableness of a restrictive covenant is to consider whether the restraint affords only a fair protection to the interest of the party in whose favor it is given, and is not so broad as to interfere with the rights of the public." [Citing authority.] The question is one of reasonableness — reasonableness in reference to the interests of the parties concerned and reasonableness in reference to the interests of the public. [Citing authority.] Such a covenant is not unlawful if the restriction is no more than necessary to afford fair protection to the covenantee and is not injurious to the interests of the public."

**[4, 5]**    Such covenants will be enforced if they are no broader than

reasonably necessary for the protection of the employer's business and do not impose undue hardship on the employee, due regard being given the interests of the public. *Asheville Associates v. Miller and Asheville Associates v. Berman*, 255 N.C. 400, 121 S.E. 2d 593. If the covenant in this case is enforceable as to Heim, and Ballard knowingly entered into a conspiracy with Heim to violate it, he would be jointly liable with Heim for the breach. *Sineath v. Katzis*, 218 N.C. 740, 12 S.E. 2d 671.

Defendants rely upon *Comfort Spring Corp. v. Burroughs*, 217 N.C. 658, 9 S.E. 2d 473, to support their contention that the covenant in the present contract including "all the United States" is void in North Carolina because the territory covered is unreasonable. In that case the restrictive clause which was held void referred to a particular company, the Spring Products Corporation of New York City, or its successor, and provided:

> ". . . [I]t is understood and agreed that for the period of five years immediately following the termination of this contract by either party for or without cause, the party of the second part shall not, directly or indirectly, enter into the employ of such corporation, or its successor, or represent same within the entire United States; and the said party of the second part agrees that for said period of five years and in the United States he will not represent or enter the employ of the said Spring Products Corporation in any manner whatsoever."

In passing upon the validity of this covenant, this Court said:

> "It should first be observed that the only breach of the restrictive covenant alleged is that the defendant has accepted employment from the Spring Products Corporation and is calling upon the customers of the plaintiff. There is no allegation nor evidence as to the territory in which the defendant is calling upon the plaintiff's customers. . . . In truth, there is no allegation nor evidence as to over what territory the plaintiff's business extends. Therefore we are called upon to decide simply the question as to whether the covenant that the defendant would not accept employment as a salesman or otherwise from the Spring Products Corporation anywhere in the United States is unreasonable and oppressive, and in restraint of trade."

[2] *Comfort Spring Corp.* is factually distinguishable from the instant case. In that case there was neither allegation nor evidence as to the territory over which the plaintiff's business extended or as to the territory in which the defendant was calling upon the plaintiff's customers. There was neither allegation nor evidence on which the

Court could properly determine whether the restrictive covenant in question was reasonably necessary for the protection of the plaintiff's business. In the absence of such allegations or proof, the Court properly held the restriction "within the entire United States" was unnecessary for the protection of the plaintiff. In the present case, however, the plaintiff has specifically alleged that its business activities extend throughout the United States; that the defendants are actively engaged in soliciting business from the plaintiff's customers, among them being Wix Corporation, Gastonia, North Carolina; Charleston Rubber Company, Clover, South Carolina; Uniroyal Corporation, Gastonia, North Carolina; Homelite Corporation, Gastonia, North Carolina, and others; and that they are actually supplying silk screen processing equipment and material to said customers and various other customers of the plaintiff, and are using valuable trade and technical information concerning the plaintiff's business such as lists of plaintiff's customers, prices charged for services and equipment, the method in which plaintiff's ·business was conducted, manufacturing processes, and research and development information acquired by defendant Heim while employed by the plaintiff. Such conduct by Heim is exactly what the restrictive covenant sought to prevent and is contrary to the rule as approved in *Asheville v. Miller and Asheville v. Berman, supra,* stated as follows:

> "The general rule with respect to enforceable restrictions is stated in 9 A.L.R. 1468: 'It is clear that if the nature of the employment is such as will bring the employee in personal contact with patrons or customers of the employer, or enable him to acquire valuable information as to the nature and character of the business and the names and requirements of the patrons or customers, enabling him by engaging in a competing business in his own behalf, or for another, to take advantage of such knowledge of or acquaintance with the patrons and customers of his former employer, and thereby gain an unfair advantage, equity will interpose in behalf of the employer and restrain the breach . . . providing the covenant does not offend against the rule that as to time . . . or as to the territory it embraces it shall be no greater than is reasonably necessary to secure the protection of the business or good will of the employer.' "

·Because of the increased technical and scientific knowledge used in business today, the emphasis placed upon research and development, the new products and techniques constantly being developed, the nation-wide activities (even world-wide in some instances) of many business enterprises, and the resulting competition on a very

broad front, the need for such restrictive covenants to protect the interests of the employer becomes increasingly important. If during the time of employment new products are developed and new activities are undertaken, reason would require their protection as well as those in existence at the date of the contract, and to a company actually engaged in nation-wide activities, nation-wide protection would appear to be reasonable and proper. For as 5 Williston on Contracts § 1639 (Rev. ed., 1937) states:

> ". . . The decisions in the United States now follow the English test, whether the promised restraint is reasonably necessary for the protection of the employer's business, or of the business transferred. The old view that any restraint of trade covering the entire state or nation is invalid has almost disappeared, at least where the restraint is limited in time. . . ."

In the present case the defendants do not contend that the time limit of two years is excessive, and the allegations of the complaint as to business activities throughout the United States support the reasonableness of the restriction imposed as to the territory covered.

Courts throughout the United States have held contracts almost identical to the one here involved to be valid and enforceable. *Irvington Varnish & Insulator Co. v. Van Norde*, 138 N.J.Eq. 99, 46 A. 2d 201; *Eastman Kodak Co. v. Powers Film Products*, 189 App. Div. 556, 179 N.Y.S. 325, appeal denied 190 App. Div. 970, 179 N.Y.S. 919; *Eagle Pencil Co. v. Jannsen*, 135 Misc. 534, 238 N.Y.S. 49; *O & W Thum Co. v. Tloczynski*, 114 Mich. 149, 72 N.W. 140; Annot., 43 A.L.R. 2d 94, 275.

Upon the allegations of the complaint, which the proof may or may not sustain, the court should have overruled both demurrers and permitted the defendants to answer and proceed to trial of the case on its merits.

For the reasons stated, the decision of the Court of Appeals affirming the trial court's action in sustaining the demurrer of Heim is reversed. The decision of the Court of Appeals dismissing the appeal of Ballard is affirmed.

As to Heim, Reversed.

As to Ballard, Affirmed.