A. D. COLLINS, JESSIE H. LUFFMAN, AND W. L. BILLINGS, TRUSTEES OF SHADY GROVE BAPTIST CHURCH, OF IREDELL COUNTY, NORTH CAROLINA v. FRANK FREELAND AND WIFE, MAGGIE FREELAND, I. T. BARKLEY AND WIFE, BETTY SUE BARKLEY, HENRY SOWERS AND WIFE, MRS. HENRY SOWERS, WILLIAM SOWERS AND WIFE, MRS. WILLIAM SOWERS, DAVID SOWERS, NELLIE MOOSE, CAROLYN MOOSE, MRS. ROSS BRAWLEY, RED UPRIGHT, GEORGE AARON BENFIELD, ARTHUR BEAVER, AND OTHERS ACTING IN CONCERT

No.  7122SC504

(Filed 20 October 1971)

1. Injunctions § 12; Rules of Civil Procedure § 65— motion for preliminary injunction — prayer for relief in complaint

A prayer for relief in the complaint may constitute a sufficient motion for a preliminary injunction under G.S. 1A-1, Rule 65(b), a separate or additional motion not being necessarily required.

2. Injunctions § 7— restraint of continuous trespass

An injunction is a proper remedy to restrain repeated or continuous trespass where there is no dispute as to title or right to possession and the remedy at law is inadequate because of the necessity of a multiplicity of actions to obtain redress at law.

APPEAL by defendants from *Exum, Judge,* 16 November 1970 Session of Superior Court held in IREDELL County.

Plaintiffs bring this action to permanently enjoin defendants, a group which is alleged to have been dismissed from the fellowship of the Shady Grove Baptist Church, from the continued use of the old church building. It is alleged that defendants went upon the church property, tore down the no trespassing signs, broke the padlock from the door, and were continuing to use the old building against the express instructions of the majority fellowship of the church.

After notice and a hearing at which defendants offered no testimony or affidavits, Judge Exum issued a preliminary injunction enjoining defendants, pending the final hearing on the merits, from going in or using the old church building. Defendants appealed.

*Collier, Harris & Homesley, by Richard M. Pearman, Jr., for plaintiffs.*

*Pope, McMillan & Bender, by Harold J. Bender, for defendants.*

BROCK, Judge.

Defendants bring forward three assignments of error. They challenge the denial by the trial judge of three motions made by defendants. The record on appeal discloses that at the close of plaintiffs' evidence defendants made three motions as follows:

(1) " . . . to dismiss the action on the grounds that the plaintiffs failed to move for a preliminary injunction as required by Rule 65(b)."

(2) " . . . to dismiss the action for lack of jurisdiction since the Temporary Restraining Order had been dissolved."

(3) " . . . to dismiss the action for failure to state a claim for relief."

G.S. 1A-1, Rule 65(b) provides in part as follows: " . . . In case a temporary restraining order is granted without notice and a motion for a preliminary injunction is made, it shall be set down for hearing at the earliest possible time and takes precedence over all matters except older matters of the same character; and when the motion comes on for hearing, the party who obtained the temporary restraining order shall proceed with a motion for a preliminary injunction, and, if he does not

do so, the judge shall dissolve the temporary restraining order."

**[1]** It seems clear from the quoted portion of the rule that the prayer for relief in the complaint may constitute a sufficient motion for a preliminary injunction, and that a separate or additional motion is not necessarily required. In their verified complaint, which was used as an affidavit at the hearing for the preliminary injunction, plaintiffs prayed for a temporary restraining order and for a permanent injunction. In addition, defendants were notified by order to appear and show cause why the temporary restraining order should not be continued to the trial on the merits.

The wording of the prayer for relief in the complaint and the wording in the notice to show cause did not technically follow the language of Rule 65; however, the meaning was clear and unambiguous. Defendants do not contend that they were in any way prejudiced by technical deviation.

The second motion was without merit, and requires no discussion.

The third motion argues that injunctive relief is not available against a continuing trespass. In this case the trial judge made findings of intended future continuous trespass by defendants upon plaintiffs' property and intended future continuous interference by defendants with plaintiffs' present and future right of possession. Defendants do not challenge these findings. There is no dispute as to the title or the present right to possession of the real estate in question.

**[2]** Unless defendants are enjoined, it will be necessary for plaintiffs to resort to a multiplicity of actions to obtain redress at law. Where equitable relief is not barred upon the grounds of a disputed title or disputed right to possession, the majority rule is that an injunction is a proper remedy to restrain repeated or continuing trespasses where the remedy at law is inadequate because of the necessity of a multiplicity of actions to obtain redress at law. Annot., 60 A.L.R. 2d 310. North Carolina is in accord. *Young v. Pittman,* 224 N.C. 175, 29 S.E. 2d 551; 47 N.C.L. Rev. 334, 359.

The order appealed from is

Affirmed.

Judges VAUGHN and GRAHAM concur.