HERFF JONES COMPANY, A DIVISION OF CARNATION COMPANY v. JOSEPH ALLEGOOD AND KEITH BARNES

No. 7712SC185

(Filed 7 March 1978)

1. Venue § 9— motion for change of venue—postponement pending ruling on preliminary injunction

The trial court did not err in postponing consideration of defendant's motion for a change of venue as a matter of right pending a ruling on whether a restraining order would be continued until a trial on the merits. G.S. 1A-1, Rule 65(b); G.S. 1-494.

2. Appeal and Error § 9; Injunctions § 12.1— covenant not to compete—preliminary injunction—mootness

Questions relating to the trial court's issuance of a preliminary injunction prohibiting defendants from violating a covenant not to compete are moot where the covenant was limited in duration to one year following termination of the employment relationship between plaintiff and defendants and that year ended while an appeal from the injunction was pending.

3. Injunctions § 12.3— temporary injunction—irreparable injury—reason for absence of notice

A temporary restraining order issued without notice was deficient in failing to state why the injury was irreparable and why the order was issued without notice.

4. Injunctions § 13.2— convenant not to compete—preliminary injunction—failure to show irreparable injury

Plaintiff failed to meet its burden of showing irreparable injury to support the issuance of a preliminary injunction prohibiting defendants from violating a covenant not to compete, and the facts found by the court did not support its conclusion that acts of defendants "in calling upon customers of the

plaintiff's poses a substantial threat to the plaintiff's business and subjects the plaintiff to a substantial threat of irreparable injury."

Judge CLARK dissenting.

APPEAL by defendants from order of *Gavin, Judge*, entered 4 October 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 12 January 1978.

On 10 September 1976, plaintiff filed a complaint alleging that defendants had breached their respective contracts of employment with the plaintiff (sales representative agreements) by, among other particulars, entering into competition with plaintiff within one year following the termination of the sales representative agreements. Plaintiff prayed for injunctive relief to restrain defendants from competing with plaintiff's business in the geographical area covered by the sales representative agreements, and for damages for breach of contract in the sum of $200,000. (An amended complaint setting out some of plaintiff's allegations in more detail was filed on 21 September 1976.) Also on 10 September 1976, plaintiff filed a motion, accompanied by affidavits, for a temporary restraining order pursuant to Rule 65 of the North Carolina Rules of Civil Procedure. On the same day, the temporary restraining order requested by plaintiff was entered by Judge Giles R. Clark, and defendants were ordered to appear in Cumberland County Superior Court on 20 September to show cause why the temporary restraining order should not be extended.

At some point prior to the 20 September hearing, defendant Allegood filed a motion accompanied by affidavit seeking (1) a change of venue to Wilson County, North Carolina, and (2) dissolution of the temporary restraining order. On 20 September, Judge E. Maurice Braswell declined to hear defendant's motion for change of venue until after a ruling on whether the temporary restraining order would be continued until a trial on the merits. Also, on his own motion, Judge Braswell continued the temporary restraining order until the next day (21 September) at which time the temporary restraining order was again continued by Judge Braswell pending an evidentiary hearing before Judge Robert L. Gavin set for 23 September.

The matter came on for hearing before Judge Gavin as scheduled. Following denial of defendants' motion to dissolve the

temporary restraining order on grounds that plaintiff had not complied with Rule 65, both sides presented evidence. After the hearing, Judge Gavin again continued the temporary restraining order until 4 October or such prior time as a further order might be entered.

Judge Gavin, by his order dated 1 October and filed 4 October, made findings of fact and conclusions of law and continued the temporary restraining order until a trial of the case on the merits. The court further required plaintiff to post a bond in the amount of $25,000.

On 8 October 1976, defendants gave notice of appeal from the various orders entered by Judges Braswell and Gavin. At the same time, defendants sought a stay of Judge Gavin's order, which was denied by Judge D. B. Herring, Jr., on 19 October.

Defendants next petitioned this Court for a writ of supersedeas, which was denied on 16 November. However, on 21 December, the Supreme Court, by Exum, Justice, granted defendants' application for writ of supersedeas, which stayed the enforcement of the restraining order pending review by this Court.

*McLeod and Senter, by Joe McLeod, for plaintiff appellee.*

*Connor, Lee, Connor, Reece and Bunn, by David M. Connor and Cyrus F. Lee, for defendant appellants.*

MORRIS, Judge.

[1] Defendants' first assignment of error is to the failure of the trial court to hear and grant defendant Allegood's motion for a change of venue as a matter of right. Defendant argues that since his motion was made in writing and in apt time, removal became a matter of substantial right and deprived the court of power to proceed further in essential matters until the right of removal was considered and passed upon. With this proposition we have no quarrel. *See Little v. Little*, 12 N.C. App. 353, 183 S.E. 2d 278 (1971). In our opinion, however, the trial court properly postponed consideration of the motion for removal pending a ruling on whether the restraining order would be continued.

Rule 65(b) of the North Carolina Rules of Civil Procedure states, in part:

". . . In case a temporary restraining order is granted without notice and a motion for a preliminary injunction is made, it shall be set down for hearing at the earliest possible time *and takes precedence over all matters except older matters of the same character; . . .*". (Emphasis supplied.)

Plaintiff's prayer for injunctive relief falls within the rule set out in *Collins v. Freeland*, 12 N.C. App. 560, 183 S.E. 2d 831 (1971), and thus suffices as a motion for a preliminary injunction for purposes of Rule 65(b). Thus the rule would appear to require that the hearing on the return of the temporary restraining order take precedence over a hearing on the motion for a change of venue. As a practical matter, this conclusion is buttressed by G.S. 1-494. That statutes requires that

"[a]ll restraining orders and injunctions granted by any of the judges of the superior court shall be made returnable before the resident judge of the district, a special judge residing in the district, or any superior court judge assigned to hold court in the district where the civil action or special proceeding is pending. . . ."

The temporary restraining order entered on 10 September in this action, pending in Cumberland County, was made returnable "before the Superior Court Division of the General Court of Justice for Cumberland County" which is in the Twelfth Judicial District. Removal of the cause to Wilson County, in the Seventh Judicial District, would have prevented any return of the temporary restraining order entered by Judge Clark.

We hold, therefore, that the trial court committed no error in postponing consideration of the motion for a change of venue pending a hearing on the restraining order. Defendants' first assignment of error is overruled.

Defendants' remaining assignments of error concern the issuance of the temporary restraining order and its subsequent continuance (in effect a preliminary injunction) until a trial on the merits. It appears that plaintiff is no longer entitled to injunctive relief and that the questions presented by defendants' arguments are moot.

[2, 3]   The convenant not to compete which is the subject of this action was expressly limited in duration to one year following the

termination of the employment relationship between plaintiff and defendants. Plaintiff's evidence shows that notice of termination of representation was mailed to defendants and dated 28 July 1976. Defendant Allegood testified that he began working for Hunter Publishing Company, a competitor of plaintiff, as early as April 1976. Thus, assuming that defendants' employment ended no later than 28 July 1976, the latest date through which defendants could be restrained from competing with plaintiff would have been 28 July 1977. That date having passed pending consideration of this appeal by this Court, the questions relating to the propriety of the injunctive relief granted below are not before us. As stated by the Supreme Court in *Parent-Teacher Assoc. v. Bd. of Education*, 275 N.C. 675, 679, 170 S.E. 2d 473, 476 (1969):

> "When, pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court."

Thus, the questions raised by defendants regarding the injunctive relief granted by the trial court have been rendered moot by the passage of time. *See Enterprises, Inc. v. Heim*, 276 N.C. 475, 173 S.E. 2d 316 (1970). However, were this not true, the result on appeal would be the same. Rule 65(b) provides that "[a] temporary restraining order may be granted without notice to the adverse party if it clearly appears from *specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant* before notice can be served and a hearing had thereon. Every temporary restraining order granted without notice shall . . . *define the injury and state why it is irreparable and why the order was granted without notice.* . . ." (Emphasis supplied.) Here the temporary restraining order simply recites: "and it appearing to the Court from the affidavit of Joe Vogel that the defendants were employed by the plaintiff under sales representative agreements which provided for covenants not to compete during the time of said employment and for one year following the termination of the employment of the defendants; and it further appearing to the Court that the defendants have competed with the plaintiff in violation of said

agreements and that the plaintiff has, or is likely to suffer irreparable damage due to the breach of said contracts by the defendants and based thereon, this temporary restraining order is issued without notice to the defendants." Since the complaint was not verified, the affidavit of Vogel must support the temporary restraining order. Clearly the order does not state why the injury is irreparable nor why the order was issued without notice. Defendants' position that their motion to dismiss the order should have been granted on the grounds that the irreparable damage was not disclosed and there was no statement in the order in compliance with Rule 65(b) is, we think, well taken. Parenthetically, we note that the temporary restraining order refers to the contract between the parties as one under the terms of which the defendants were "employed" by plaintiff. However, at the hearing Mr. Vogel testified that defendant Allegood was not defined in the contract as an "employee" of plaintiff but as an independent contractor.

[4] In the temporary restraining order a time was set for hearing. After hearing the court entered a preliminary injunction.

> "Ordinarily, to justify the issuance of a preliminary injunction it must be made to appear (1) there is probable cause that plaintiff will be able to establish the right he asserts, and (2) there is reasonable apprehension of irreparable loss unless interlocutory injunctive relief is granted or unless interlocutory injunctive relief appears reasonably necessary to protect plaintiffs' rights during the litigation. (Citations omitted.)" *Setzer v. Annas*, 286 N.C. 534, 537, 212 S.E. 2d 154, 156 (1975).

The burden was on plaintiff to establish its right to a preliminary injunction. We do not think plaintiff met its burden of showing irreparable injury, nor do we think the facts found by the court support its conclusion that the acts of defendants in violating the covenant not to compete "in calling upon customers of the plaintiff's poses a substantial threat to the plaintiff's business and subjects the plaintiff to a substantial threat of irreparable injury. . . ." Certainly in this situation a pecuniary standard exists for the measurement of damages should plaintiff prevail in its action for damages for breach of the covenant not to compete.

On 21 December 1976, the Supreme Court, by writ of supersedeas, stayed the enforcement of the restraining order

issued by the trial court, pending this appeal. Upon certification of this opinion to the Superior Court of Cumberland County, the effect of the writ of supersedeas terminates. *New Bern v. Walker*, 255 N.C. 355, 121 S.E. 2d 544 (1961). Plaintiff is not now entitled to restrain defendants from competing with it. Therefore, this case is remanded to the Superior Court of Cumberland County with directions that the preliminary injunction entered by Judge Gavin pending trial on the merits be dissolved.

Remanded with directions.

Judge MITCHELL concurs.

Judge CLARK dissents.

Judge CLARK dissenting:

The majority has ruled that the question of injunctive relief is moot. By writ of supersedeas on 21 December 1976 the Supreme Court stayed the enforcement of injunctive relief pending this appeal. The duration of the covenant not to compete also should be stayed or suspended pending appeal; otherwise, the supersedeas in effect would determine the substantive rights of the parties, the right to injunctive relief and the right to damages on dissolution under G.S. 1A-1, Rule 65(e).

After ruling that the question was rendered moot by the supersedeas, the majority has rendered an advisory opinion on the question of injunctive relief. In numerous cases in this State it has been held that an injunction will lie to restrain a defendant from engaging in a designated business in a prescribed territory in violation of a valid contract where there is reasonable apprehension of irreparable loss. The history of annual renewals of the contracts with the schools and other circumstances are such that there is no practical and certain pecuniary standard for the measurement of damages. I am unable to distinguish in principle some of those numerous cases from the case *sub judice*.