RUG DOCTOR, L.P. v. JAMES PRATE

No. COA00-572

(Filed 1 May 2001)

**Appeal and Error— appealability—preliminary injunction—covenant not to compete—mootness**

Plaintiff employer's appeal from the denial of its motion for a preliminary injunction involving a covenant not to compete is dismissed as moot, because the twelve-month prohibition imposed by the covenant has expired.

Appeal by plaintiff from the order entered 10 December 1999 by Judge James R. Vosburgh in Guilford County Superior Court. Heard in the Court of Appeals 6 February 2001.

*Forman, Rossabi, Black, Marth, Iddings & Albright, P.A., by Paul E. Marth, for plaintiff-appellant.*

*Craige, Brawley, Liipfert & Walker, L.L.P., by William W. Walker, for defendant-appellee.*

BIGGS, Judge.

This appeal arises from the trial court's denial of plaintiff-appellant's motion for preliminary injunction involving a covenant not to compete. We find that as of the filing of this opinion, the twelve month prohibition imposed by the covenant has expired, thus rendering the issues raised by the plaintiff-appellant moot. Accordingly, we dismiss the appeal.

In July 1997, James Prate (Prate) was hired as a district manager for Industrial Clean Management (ICM), a division of Rug Doctor, L.P. (Rug Doctor). As a condition of employment, Prate was required to sign a non-compete agreement which read in pertinent part as follows:

> Employee agrees that Employee shall not, for a period of one year immediately following the termination of employment with Rug Doctor, either directly or indirectly, solicit business, as to products or services competitive with those of Rug Doctor, from any of Rug Doctor's customers with whom Employee had contact within one year prior to Employee's termination.

On 12 April 1999, Prate was terminated. Soon after leaving ICM, Prate and his wife formed Contract Management Professionals (CMP), which provides commercial management maintenance services, substantially similar to those provided by ICM. In July 1999, CMP submitted a bid to Food Lion, which had been a major customer of Prate's while employed with ICM. The bid was to clean sixty-nine stores located in Food Lion's District 3, Section 5, an area that ICM had never serviced. CMP's bid was accepted. ICM indirectly bid on this particular Food Lion contract when it submitted a bid for the whole Food Lion chain; however, their bid was rejected because it was too high.

On 30 August 1999, Rug Doctor, of which ICM was a division, filed a complaint and a motion for a preliminary injunction, maintaining that Prate violated the terms of the non-compete agreement when he bid on the Food Lion contract. Rug Doctor alleged that it had, and would continue to suffer irreparable harm if a preliminary injunction was not issued to enjoin Prate from soliciting Rug Doctor's customers within the time and territory prescribed by the contract.

At the 6 December 1999, Civil Session of Guilford County Superior Court, the Honorable James R. Vosburgh conducted a hearing regarding Rug Doctor's motion for a preliminary injunction. Judge

Vosburg denied Rug Doctor's motion, holding that it did not carry its burden as to either success on the merits or irreparable loss. Judge Vosburgh then transferred the case to Forsyth County for adjudication on the merits, pursuant to Prate's motion for change of venue. Rug Doctor now appeals the denial of its motion for injunctive relief.

A preliminary injunction is interlocutory in nature and no appeal lies from such order unless it deprives the appellant of a substantial right which he would lose absent review prior to final determination. *A.E.P. Industries v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983); *see also*, N.C.G.S. § 7A-27(d)(1) (1999). Such equitable relief is an extraordinary measure taken by the courts to preserve the status quo on the subject matter involved until a trial can be held on the merits. *A.E.P. Industries* at 393, 401, 302 S.E.2d at 759; *see also*, *Telephone Co. v. Plastics, Inc.*, 287 N.C. 232, 235, 214 S.E.2d 49, 51 (1975). However, in the case of a covenant not to compete, a plaintiff can only seek to enforce the covenant for the period of time within which the covenant proscribes. In *Herff Jones Co. v. Allegood*, where a one year covenant not to compete expired while the case was on appeal, this Court held that,

> [w]hen pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court.

35 N.C. App. 475, 479, 241 S.E.2d 700, 702 (1978) (quoting *Parent-Teacher Assoc. v. Bd. of Education*, 275 N.C. 675, 679, 170 S.E.2d 473, 476 (1969)). *A.E.P. Industries*, 308 N.C. 393, 400, 302 S.E.2d 754, 759, is another case in which a plaintiff sought to enforce a covenant not to compete where the term expired pending appeal. Our Supreme Court stated that in cases "where time is of the essence, the appellate process is not the procedural mechanism best suited for resolving the dispute. The parties would be better advised to seek a final determination on the merits at the earliest possible time." *A.E.P. Industries*, 308 N.C. at 401, 302 S.E.2d at 759. The majority in *A.E.P.* nevertheless chose to address the merits of the appeal even though the term of the covenant not to compete had expired. The court stated, "because this case presents an important question affecting the respective rights of employers and employees who choose to exe-

**RUG DOCTOR, L.P. v. PRATE**

[143 N.C. App. 343 (2001)]

cute agreements involving covenants not to compete, we have determined to address the issues." *Id.*[1]

In the case *sub judice*, the covenant not to compete sought to prohibit the employee from soliciting customers and employees for a period of one year following termination of employment. Prate was terminated on 12 April 1999, and therefore the prohibition expired 12 April 2000. Consequently, when this case was heard in the Court of Appeals on 6 February 2001, the covenant buttressing the plaintiff's claim had expired and there was nothing to support the issuance of the injunction. Therefore, questions raised by the defendant, Rug Doctor, regarding injunctive relief have been rendered moot by the passage of time. Although Rug Doctor is foreclosed from injunctive relief, there remains the underlying cause of action in which they can seek damages for harm caused by Prate's alleged breach provided, of course, they are successful on the merits.

For the reasons set forth, we dismiss this appeal.

Appeal dismissed.

Judges WYNN and McGEE concur.

---

1. Justice Martin dissented with two other justices, arguing that the questions raised by the appeal were moot and thus the appeal should be dismissed.