ARTIS & ASSOCIATES, Plaintiff v. MARIE ANN AUDITORE, Defendant

No. COA01-1188

(Filed 3 December 2002)

**Appeal and Error— mootness—covenant not to compete— expiration while appeal pending**

An appeal from a preliminary injunction against breach of a non-compete agreement which expired while the appeal was pending was moot.

Appeal by defendant from order entered 29 May 2001 by Judge Jesse B. Caldwell, III, in Mecklenburg County Superior Court. Heard in the Court of Appeals 6 June 2002.

_____

5. Because we vacate the summary judgment order, we do not address FFIC's and BIC's assignments of error.

*Parker, Poe, Adams & Bernstein L.L.P., by Jack L. Cozort, for plaintiff appellee.*

*Robinson, Bradshaw & Hinson, P.A., by David C. Wright, III, and Joshua F. P. Long, for defendant appellant.*

TIMMONS-GOODSON, Judge.

Marie Ann Auditore ("defendant") appeals from an order of the trial court granting a preliminary injunction in favor of defendant's former employer, Artis and Associates ("plaintiff"). For the reasons stated herein, we dismiss defendant's appeal.

The pertinent facts of the appeal are as follows: On 26 March 2001, plaintiff filed a complaint and motion for a preliminary injunction against defendant in Mecklenburg County Superior Court. The complaint alleged that defendant, a former employee of plaintiff, had breached her employment contract with plaintiff. In the employment contract at issue, defendant agreed to "not perform or engage in any 'Competing Activity' " with plaintiff's business for a period of one year following termination of the agreement. The complaint alleged that defendant breached this agreement by accepting employment with one of plaintiff's competitors within the one-year period following defendant's resignation from her position with plaintiff on 15 December 2000. The complaint set forth claims for breach of contract, tortious interference with contract, misappropriation of trade secrets, unfair competition and injunctive relief.

On 5 April 2001, plaintiff's motion for preliminary injunction came before the trial court. Upon review of the pleadings, affidavits, legal memoranda, and arguments by counsel, the trial court granted plaintiff's motion for a preliminary injunction in part and enjoined defendant from competing with plaintiff's business or disclosing trade secrets as specified in the employment agreement. Defendant promptly filed a notice of appeal of the trial court's order with this Court on 13 June 2001. Defendant also filed a motion to stay the trial court's order pending the appeal, which motion the trial court denied. Defendant then filed a petition for writ of supersedeas and motion for a temporary stay of the injunction with this Court. In her petition for writ of supersedeas, defendant noted that, unless a stay of the trial court's injunction was granted, the expiration on 15 December 2001 of the non-compete clause contained in the employment contract at issue would render the present appeal moot. This Court nevertheless denied such petition and motion.

The dispositive issue before this Court is whether defendant's appeal presents a live controversy or other compelling grounds for review by this Court. Because we conclude that the issues raised in defendant's appeal are moot, we dismiss the appeal.

It is well established that

> [w]hen, pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court.

*Parent-Teacher Assoc. v. Bd. of Education*, 275 N.C. 675, 679, 170 S.E.2d 473, 476 (1969). Thus, where the restrictions imposed by a preliminary injunction expire within the pendency of an appeal, issues concerning the propriety of the injunctive relief granted are rendered moot by the passage of time. *See Rug Doctor, L.P. v. Prate*, 143 N.C. App. 343, 345, 545 S.E.2d 766, 768 (2001); *Herff Jones Co. v. Allegood*, 35 N.C. App. 475, 479, 241 S.E.2d 700, 702 (1978). Where a preliminary injunction is denied or granted based upon a covenant not to compete, our Supreme Court has warned that "where time is of the essence, the appellate process is not the procedural mechanism best suited for resolving the dispute. The parties would be better advised to seek a final determination on the merits at the earliest possible time." *A.E.P. Industries v. McClure*, 308 N.C. 393, 401, 302 S.E.2d 754, 759 (1983).

In *Rug Doctor*, the plaintiff-employer filed a complaint against one of its former employees, alleging violation of the terms of a non-compete agreement. The plaintiff also sought a preliminary injunction to enjoin the defendant-employee from further violating the agreement, the terms of which prohibited the defendant-employee from competing with the plaintiff-employer's business for a period of one year following termination of the employer-employee relationship. *See Rug Doctor*, 143 N.C. App. at 344, 545 S.E.2d at 767. The plaintiff argued that an injunction was necessary to prevent irreparable harm to plaintiff's business interests. The trial court denied the plaintiff's motion for an injunction, concluding that the plaintiff had failed to "carry its burden as to either success on the merits or irreparable loss." *Id.* at 345, 545 S.E.2d at 767. The plaintiff appealed the denial of its motion to this Court.

ARTIS & ASSOCS. v. AUDITORE

[154 N.C. App. 508 (2002)]

On appeal, the Court held that, "as of the filing of this opinion, the twelve month prohibition imposed by the covenant has expired, thus rendering the issues raised by the plaintiff-appellant moot." *Id.* at 344, 545 S.E.2d at 767. The Court noted, however, that "[a]lthough [the plaintiff] is foreclosed from injunctive relief, there remains the underlying cause of action in which [it] can seek damages for harm caused by [the defendant's] alleged breach provided, of course, [it is] successful on the merits." *Id.* at 346, 545 S.E.2d at 768.

This Court dismissed a similar argument as presenting moot issues in *Herff Jones Co. v. Allegood*, cited *supra*. In *Herff Jones Co.*, the plaintiff obtained a temporary restraining order against the defendants on the basis of evidence that the defendants violated their agreements with the plaintiff by "entering into competition with plaintiff within one year following the termination of the [employment] agreements." *Herff Jones Co.*, 35 N.C. App. 476, 241 S.E.2d at 701. The defendants appealed to this Court the issuance of the temporary restraining order and its subsequent continuance, which were "in effect a preliminary injunction." *Id.* at 478, 241 S.E.2d at 702. The Court held that, because "[t]he covenant not to compete which is the subject of this action was expressly limited in duration to one year following the termination of the employment relationship between plaintiff and defendants[,]" and because "[t]hat date having passed pending consideration of this appeal by this Court, the questions relating to the propriety of the injunctive relief granted below are not before us." *Id.* at 478-79, 241 S.E.2d at 702.

In the instant case, defendant appeals from a preliminary injunction enjoining her from breaching a covenant not to compete. The terms of the non-compete covenant contained in the employment agreement between plaintiff and defendant expired on 15 December 2001, more than five months before this appeal was heard by this Court. Plaintiff may not seek to enforce the covenant past the period of time proscribed by the agreement. *See Rug Doctor*, 143 N.C. App. at 345, 545 S.E.2d at 767. Thus, the issues presented by defendant's appeal have been rendered moot by the passage of time, a fact defendant herself recognized in her petition for writ of supersedeas. *See Herff Jones Co.*, 35 N.C. App. at 479, 241 S.E.2d at 702. We furthermore reject defendant's argument that her appeal, although moot, nevertheless presents issues involving matters of public interest.

For the reasons set forth, we dismiss this appeal.

Appeal dismissed.

Judges MARTIN and CAMPBELL concur.