TOWN OF KNIGHTDALE, PLAINTIFF v. PAUL ALTON VAUGHN, DEFENDANT

No. 8810SC982

(Filed 19 September 1989)

**Injunctions § 13.2— zoning violation—preliminary injunction—allegation of irreparable harm—insufficient**

A preliminary injunction enjoining defendant from operating a used car lot in violation of plaintiff's zoning ordi-

nance was vacated because plaintiff's conclusory affidavit of irreparable harm was insufficient to allow the trial court to weigh the equities and thereby determine in its sound discretion whether an interlocutory injunction should be issued or denied. N.C.G.S. § 160A-175(e). N.C.G.S. § 1A-1, Rule 65.

APPEAL by defendant from Order of *Judge Robert L. Farmer* entered 24 May 1988 in WAKE County Superior Court. Heard in the Court of Appeals 12 April 1989.

*Kirk, Gay, Kirk, Gwynn & Howell, by Joseph T. Howell and Donna S. Stroud, for plaintiff appellee.*

*Burns, Day & Presnell, P.A., by Lacy M. Presnell, III, and Daniel C. Higgins, for defendant appellant.*

COZORT, Judge.

Defendant appeals the trial court's issuance of a preliminary injunction enjoining defendant from operating a used car lot in violation of plaintiff's zoning ordinance. We hold that plaintiff failed to make the required showing of irreparable harm under N.C. Gen. Stat. § 1A-1, Rule 65. We therefore vacate the trial court's order.

Plaintiff instituted an action on 28 April 1988 alleging that defendant was operating a used car lot in violation of plaintiff's zoning ordinance. At the hearing on plaintiff's motion for preliminary injunction, the only evidence before the trial court was plaintiff's verified complaint. The complaint alleged that plaintiff had adopted a set of zoning ordinances in order to "accomplish a coordinated, balanced, and harmonious development of the land within the zoning jurisdiction"; that plaintiff "is informed and believes and therefore alleges" that defendant was the lessee of certain property within a district zoned as "Highway Commercial" and was using the property as a used car lot in violation of plaintiff's zoning ordinance; that plaintiff had no adequate remedy at law and would "suffer irreparable harm, damage, and injury unless the conduct of the Defendant above complained of is enjoined"; and that the irreparable harm "will continue during the litigation of this issue."

Based solely on plaintiff's complaint, the trial court found, *inter alia*, that defendant was using the property as a used car sales lot in violation of plaintiff's zoning ordinances, and that plaintiff had no adequate remedy at law and was suffering "real and

immediate irreparable injury . . . in that [defendant's] conduct represents a continuous impediment to the Plaintiff in carrying out the goals and purposes [of its zoning ordinances]." The court concluded that plaintiff was likely to prevail on the merits and would suffer irreparable harm if defendant's conduct was not enjoined. Defendant contends on appeal that the trial court's preliminary injunction was in error because plaintiff did not prove irreparable harm. We agree.

Initially, we hold that, although defendant's appeal is from an interlocutory order, defendant would be deprived of a substantial right—the right to operate his business—absent a review prior to determination on the merits. N.C. Gen. Stat. §§ 1-277, 7A-27; *Masterclean of N.C., Inc. v. Guy*, 82 N.C. App. 45, 345 S.E.2d 692 (1986).

Before a preliminary injunction may be issued, a plaintiff must show (1) likelihood of success on the merits of its case and (2) likelihood of sustaining irreparable harm unless the injunction is issued, or if, in the court's opinion, issuance is necessary for the protection of the plaintiff's rights during the course of litigation. *Ridge Community Investor's, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E.2d 566, 574 (1977). The applicant for a preliminary injunction has the burden of proving the probability of substantial injury to the applicant if the activity of which it complains continues to the final determination of the action. *Board of Provincial Elders v. Jones*, 273 N.C. 174, 182, 159 S.E.2d 545, 551 (1968). It is not enough that a plaintiff merely allege irreparable injury. Rather, "[t]he applicant is required to set out with particularity facts supporting such statements so the court can decide for itself if irreparable injury will occur." *United Tel. Co. of Carolina, Inc. v. Universal Plastics, Inc.*, 287 N.C. 232, 236, 214 S.E.2d 49, 52 (1975). We therefore hold that plaintiff's conclusory allegation of irreparable harm was insufficient to allow the trial court to weigh the equities and thereby determine in its sound discretion whether an interlocutory injunction should be issued or refused. *Id.*

Although the General Assembly has given to municipalities the power to enforce ordinances through injunctive relief, a municipality must comply with the requirements of Rule 65 of the North Carolina Rules of Civil Procedure, which requires a clear showing of specific facts of irreparable injury. *See* N.C. Gen. Stat. § 160A-175(e) (1988) and N.C. Gen. Stat. § 1A-1, Rule 65(b) (1988).

Furthermore, the availability of injunctive relief as the appropriate ultimate remedy is not prima facie evidence establishing a municipality's right to injunctive relief prior to the resolution of a matter on its merits.

The preliminary injunction must therefore be

Vacated.

Judges PHILLIPS and PARKER concur.