CHARLES E. BABB, PLAINTIFF v. HARNETT COUNTY BOARD OF EDUCATION AND IVO A. WORTMAN, IN HIS OFFICIAL CAPACITY, DEFENDANTS

No. 9411SC476

(Filed 21 March 1995)

1. **Schools § 165 (NCI4th)— high school coach—failure to assign coaching duties—no breach of contract**
   A former high school basketball and football coach could not recover for breach of his contract to teach and coach because he was assigned no coaching duties based upon a sentence in an addendum to his contract stating that "changes in coaching duties shall be with mutual consent of both parties," since this sentence applies only to a change in the type of coaching duties assigned and does not apply when no coaching duties are assigned.

   **Am Jur 2d, Schools §§ 111 et seq.**

2. **Schools § 165 (NCI4th)— no property interest in coaching—denial of due process claim proper**
   Plaintiff, who had been coaching basketball and football, had no property interest in coaching pursuant to the plain and unambiguous language of his contract with defendant board of educa-

tion; therefore, the trial court did not err in granting defendants' summary judgment motion as to plaintiff's constitutional due process claim based upon defendant principal's failure to assign coaching duties to plaintiff.

**Am Jur 2d, Schools §§ 111 et seq.**

**3. Schools § 165 (NCI4th)— coach's reassignment to teaching duties—failure to show retaliation**

Where plaintiff complained about not being assigned coaching duties and was then reassigned from his job as a health and P.E. teacher to duties as a competency lab teacher, plaintiff failed to offer evidence to substantiate his claim of retaliation; therefore, the trial court did not err in granting defendants' summary judgment motion as to plaintiff's constitutional claim.

**Am Jur 2d, Schools §§ 111 et seq.**

Appeal by plaintiff from order entered 28 January 1994 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 26 January 1995.

Plaintiff first began working in Harnett County in 1983 as a Physical Education (hereinafter P.E.) teacher and as a football and basketball coach at Western Harnett High School. At that time, he signed a contract with the Harnett County Board of Education (hereinafter defendant Board). He left after "approximately two weeks" to coach basketball and track and teach P.E. and life science at a high school in Lee County. After his third year in Lee County, plaintiff resigned his basketball coaching position and was asked to discontinue coaching track. During his fourth and final year in Lee County, he taught but did not coach at the high school and completed his masters degree in P.E.

The principal at Western Harnett High School then approached plaintiff about returning to Western Harnett and coaching basketball. After signing a probationary contract, plaintiff returned to work in Harnett County in 1987. During the 1987-88 year, plaintiff taught in the competency lab and coached basketball. On 23 May 1988, plaintiff entered into a career contract with defendant Board to teach and coach in the school system. The contract included an addendum (written by plaintiff and his wife and originally included in plaintiff's 1983 contract with defendant Board) which provided:

BABB v. HARNETT COUNTY BD. OF EDUCATION

[118 N.C. App. 291 (1995)]

It is mutually understood and agreed upon that this contract ten-
dered is for employment both as teacher and coach. The contract
is accepted and executed by both parties with full understanding
and agreement that separation or resignation from either duty is
tantamount to complete separation and resignation from employ-
ment as both teacher and coach notwithstanding that fact that the
employee may have gained career status as provided by NC G.S.
115-142. Specific coaching duties shall be assigned by the princi-
pal on an annual basis, and, where different from the original
agreement, changes in coaching duties shall be with mutual con-
sent of both parties.

During the 1988-89 school year, plaintiff's coaching duty was as
head basketball coach at Western Harnett High School. In the 1989-90
school year, then-principal Steve McNeill told plaintiff he was going
to be assigned to coach soccer, but plaintiff refused and was not given
that assignment. During the 1990-91 school year, plaintiff and defend-
ants agreed that plaintiff would also be assigned as assistant football
coach. At the end of that school year in a letter dated 13 May 1991,
then-principal Henry Holt advised plaintiff that he had "no plans to
include [plaintiff] as a member of Western Harnett High School's
coaching staff for the school year 1991-92." Plaintiff then met with
Superintendent Ivo Wortman (hereinafter defendant Wortman) twice
about not being assigned any coaching duties for the 1991-92 school
year. Plaintiff was subsequently assigned to teach in the competency
lab. Since the 1990-91 school year, plaintiff has requested to teach P.E.
again, but has not been reassigned to this teaching position. In his 5
November 1993 deposition, defendant Wortman explained that the
high school had fewer P.E. teaching positions at that time than when
plaintiff had previously taught in that department.

Plaintiff filed a complaint against defendant Board and defendant
Wortman on 4 August 1992 alleging breach of contract and violations
of plaintiff's state constitutional rights pursuant to Art. I, sections 12,
14, 18, and 19 of the North Carolina Constitution. Plaintiff and defend-
ants each made motions for summary judgment. The trial court
granted defendants' summary judgment motion and denied plaintiff's
motion on 28 January 1994. Plaintiff appeals.

*Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., by
John W. Gresham, for plaintiff-appellant.*

*Thompson & Godwin, L.L.P., by Benjamin N. Thompson and
Elaine Rose O'Hara, for defendant-appellees.*

EAGLES, Judge.

Plaintiff assigns as error the trial court's denial of plaintiff's motion for summary judgment and the trial court's granting of defendants' motion for summary judgment. Summary judgment is appropriate when the moving party can "establish the lack of any triable issue by showing that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Pulley v. Rex. Hosp.*, 326 N.C. 701, 704, 392 S.E.2d 380, 382 (1990), *quoting Watts v. Cumberland County Hosp. Systems*, 317 N.C. 321, 322-23, 345 S.E.2d 201, 202 (1986). " '[A]ll inferences of fact from the proofs offered at the hearing must be' " viewed in favor of the non-movant. *Pulley* at 704, 392 S.E.2d at 382, *citing Dickens v. Puryear*, 302 N.C. 437, 453, 276 S.E.2d 325, 335 (1981).

## Breach of Contract Claim

**[1]** Plaintiff first asserts that based on this legal standard, the trial court erred in denying plaintiff's summary judgment motion and granting defendants' motion as to plaintiff's breach of contract claim. Plaintiff fails to argue how the trial court misapplied the legal standard. Plaintiff then argues that "he has a contractual right to coach pursuant to the terms of his specific agreement with the Defendants." Plaintiff bases this argument on the last sentence in the addendum and argues that it is unambiguous and clearly allows the principal to assign plaintiff no coaching duties only with the "mutual consent of both parties." Plaintiff's interpretation of this sentence is erroneous.

"When the language of a contract is plain and unambiguous then construction of the agreement is a matter of law for the court." *Whirlpool Corp. v. Dailey Const., Inc.*, 110 N.C. App. 468, 471, 429 S.E.2d 748, 751 (1993). We agree with plaintiff that the last sentence of the addendum is unambiguous. However, we hold that the last sentence provides that the principal and plaintiff need only mutually consent to a **change** in plaintiff's assigned coaching duties. Here, the principal did not assign plaintiff any coaching duties, which is different from a change in the type of coaching duties assigned. Because no coaching duties were assigned, the last sentence of the addendum did not apply. Where an agreement is clear and unambiguous, no genuine issue of material fact exists and summary judgment is appropriate. *Corbin v. Langdon*, 23 N.C. App. 21, 27, 208 S.E.2d 251, 255 (1974). Accordingly, the trial court did not err in denying plaintiff's summary judgment motion and granting defendants' summary judgment motion as to plaintiff's breach of contract claim because the disputed

sentence in the addendum is clear and unambiguous and did not apply to plaintiff's situation.

### Constitutional Claim

#### A. Due Process

**[2]** Plaintiff argues that the trial court erred in granting defendants' summary judgment motion as to plaintiff's constitutional claim. Pursuant to Art. I, section 19 of the North Carolina Constitution, no person can be deprived of a property interest without due process of law. Plaintiff argues that he has a property interest in coaching and that defendants terminated his coaching duties without a due process hearing. We disagree that plaintiff has a property interest in coaching.

G.S. 115C-325(a)(4) distinguishes between teaching and coaching because the statute classifies coaching as a "special duty" in addition to regular teaching duties. Coaching is not protected by the tenure provisions of G.S. 115C-325(d), which apply to career teachers and protect them from dismissal, demotion, or employment on a part-time basis. Instead of arguing that Chapter 115 provides him with a property interest in coaching, plaintiff argues that his contract with defendants gave him a property interest in coaching. We have already held that under plaintiff's contract, the principal may unilaterally choose to assign no coaching duties to plaintiff. Thus, we hold that plaintiff has no property interest in coaching pursuant to the plain and unambiguous language of his contract with defendants.

#### B. Retaliation

**[3]** Plaintiff argues that he had the right pursuant to Art. I, sections 12, 14, and 18 of the North Carolina Constitution to petition the Board and if he did not obtain relief, to seek access to the courts to redress his injuries. In his complaint, plaintiff alleged that after he complained about not being assigned coaching duties for the 1991-92 season, defendant Wortman retaliated by reassigning plaintiff from his job as a health and P.E. teacher to duties as a competency laboratory instructor. Thus, plaintiff argues that the trial court erred in granting defendants' summary judgment motion as to plaintiff's constitutional claim pursuant to Art. I, sections 12, 14, and 18 of the state constitution because of defendant Wortman's alleged retaliation.

Plaintiff petitioned the Board and was heard but was denied the relief he sought i.e., reinstatement to his coaching position. Subsequently, plaintiff sued in superior court. Plaintiff has not been

denied access to the courts. However, he has not been successful in persuading the courts that his claim has merit.

In response to defendants' motion for summary judgment, plaintiff offered no forecast of evidence to support his allegations that defendant Wortman's assignment of teaching duties was done to retaliate against plaintiff. In opposing a summary judgment motion, a plaintiff " 'may not rest upon the mere allegations or denials of his pleading[s], but his response, by affidavits or as otherwise provided in [G.S. 1A-1, Rule 56] must set forth specific facts showing that there is a genuine issue for trial.' " *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992), *quoting* G.S. 1A-1, Rule 56(e). Furthermore, after carefully reviewing the entire record, we find no evidence to substantiate plaintiff's claim of retaliation. Accordingly, we hold that the trial court did not err in granting defendants' summary judgment motion as to plaintiff's constitutional claim.

Affirmed.

Judges GREENE and WALKER concur.