JAMES E. DUNN, Petitioner v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, DIVISION OF MEDICAL ASSISTANCE, Respondent

No. COA95-1129

(Filed 15 October 1996)

**1. Public Officers and Employees § 41 (NCI4th)— State employment—most qualified applicant—issue not appealable**

Provisions of N.C.G.S. § 126-4, the Intergovernmental Personnel Act, and federal and state regulations implementing the Act do not give an unsuccessful applicant for employment by the Department of Human Resources a right to a contested case hearing and appeal to the State Personnel Commission on the issue of whether the most qualified applicant was chosen. Rather, the Commission has jurisdiction to resolve only those issues which are specifically defined as contested case issues in N.C.G.S. § 126-34.1.

**Am Jur 2d, Civil Service §§ 79-81.**

**2. Public Officers and Employees § 47 (NCI4th)— veteran's preference—inapplicability to reemployment**

The State Personnel Commission did not err by concluding that the veteran's preference did not apply to an applicant for employment by the Department of Human Resources because the application was not for "initial selection" where the applicant had previously worked for the Department after leaving military service but had left the Department to pursue private employment. The Commission's rule that the veteran's preference applies only to "initial selection" and "reduction in force" situations is reasonable and permissible. N.C.G.S. §§ 126-80, 126-82(a) and (c).

**Am Jur 2d, Civil Service §§ 36 et seq.; Veterans and Veterans' Law §§ 95 et seq.**

Appeal by petitioner from order entered 19 June 1995 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 23 May 1996.

*Janine W. Dunn for petitioner-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Robert M. Curran, for respondent-appellee.*

LEWIS, Judge.

In this appeal, petitioner seeks to challenge respondent's decision not to hire him.

From October 1977 through January 1986, petitioner, a veteran, was employed with respondent, first as a Health Standards Officer II and later as a Health Standards Officer III. During four of these years, he was Manager of the Community Alternatives Program ("CAP"). He voluntarily resigned in January 1986 to pursue private employment.

On 11 October 1990, as a private citizen, petitioner applied for the position of Health Standards Officer III, CAP Manager. The State hired another applicant and informed petitioner of this decision in May 1991.

On 6 June 1991, petitioner filed a petition for a contested case hearing. The issues presented at the hearing were: (1) whether the most qualified applicant was selected and (2) whether the failure to hire petitioner violated State law provisions establishing a veteran's preference. After a hearing, the Administrative Law Judge ("ALJ") issued a decision recommending that petitioner be given the position and partial back pay.

On 3 September 1993, the State Personnel Commission ("Commission") issued an order in which it declined to adopt the ALJ's recommended decision, concluded that the veteran's preference did not apply, and dismissed the appeal for lack of jurisdiction. On review in Superior Court, Judge Narley L. Cashwell remanded the case to the Commission to enter a final decision with the required findings of fact and conclusions of law.

On 14 October 1994, the Commission entered a second final agency decision in which it concluded that the veteran's preference did not apply to petitioner's application and that it did not have jurisdiction to review the issue of whether respondent selected the most qualified applicant. Petitioner petitioned for judicial review in Wake County Superior Court. On 19 June 1995, Judge Robert L. Farmer entered an order affirming the Commission's decision. Petitioner appeals.

[1] Petitioner first contends the superior court did have jurisdiction under Chapter 126 of the General Statutes to determine whether the most qualified applicant was selected.

DUNN v. N.C. DEPT. OF HUMAN RESOURCES

[124 N.C. App. 158 (1996)]

Chapter 126 gives applicants for state employment and designated state employees specific rights in regard to their employment. It also creates the State Personnel Commission which is given the power to establish various policies and rules. *See* N.C. Gen. Stat. § 126-2 (1995) (establishing the Commission), N.C. Gen. Stat. § 126-4 (1995) (assigning powers and duties to the Commission).

Petitioner specifically relies on the following subsections of G.S. section 126-4:

Subject to the approval of the Governor, the State Personnel Commission shall establish policies and rules governing each of the following:

* * *

(4) Recruitment programs designed to promote public employment, communicate current hiring activities within State government, and attract a sufficient flow of internal and external applicants; *and determine the relative fitness of applicants for the respective positions.*

* * *

(6) The *appointment*, promotion, transfer, demotion and suspension of employees.

* * *

(9) *The investigation of complaints and the issuing of such binding corrective orders or such other appropriate action concerning employment,* promotion, demotion, transfer, discharge, reinstatement, *and any other issue defined as a contested case issue by this Chapter* in all cases as the Commission shall find justified.

G.S. § 126-4 (emphasis added).

Although these subsections give the Commission the power to make rules and policies regarding the selection of State employees, they do not give applicants specific hearing and appeal rights. G.S. section 126-4(9) generally gives the Commission the authority to investigate complaints concerning employment. However, this authority is further defined by the phrase "and any other issue defined as a contested case issue by this Chapter . . . ." G.S. § 126-4(9). We construe this language to mean that the General Assembly only

DUNN v. N.C. DEPT. OF HUMAN RESOURCES

[124 N.C. App. 158 (1996)]

intended to give the Commission the jurisdiction to resolve, through the appeal and contested case hearing process, those issues which are specifically defined as contested case issues in Chapter 126.

Other provisions of Chapter 126 directly confer applicants and employees with specific rights to appeal to the Commission and to have a contested case hearing under Article 3 of Chapter 150B of the General Statutes. *E.g.*, N.C. Gen. Stat. §§ 126-5(h), 126-36, 126-36.1, 126-36.2 (1995). Since the General Assembly specifically granted hearing and appeal rights on these other issues, we infer that it did not intend, by enacting G.S. 126-4 (4), (6), and (9), to grant additional appeal rights to applicants. *Inclusio unius est exclusius alterius. See Laurel Park Villas Homeowners Assoc. v. Hodges*, 82 N.C. App. 141, 143, 345 S.E.2d 464, 465, *disc. review denied*, 318 N.C. 507, 349 S.E.2d 861 (1986). We conclude that G.S. section 126-4 does not confer petitioner with specific grounds for appeal on the issue of whether the most qualified applicant was chosen.

This conclusion is consistent with the recent action of the General Assembly in amending Chapter 126 to add N.C. Gen. Stat. section 126-34.1. *See* 1995 N.C. Sess. Laws ch. 141, § 7. This section, effective on 1 June 1995, was added after the Commission rendered its decision in this case but prior to entry of the superior court judgment. It is not necessary to determine whether this provision applies to petitioner because we have held that other provisions of Chapter 126, even absent this provision, do not give the Commission jurisdiction to consider this issue. However, we note that this new provision reinforces our holding by providing:

(e) Any issue for which appeal to the State Personnel Commission through the filing of a contested case under Article 3 of Chapter 150B of the General Statutes has not been specifically authorized by this section shall not be grounds for a contested case hearing under Chapter 126.

G.S. § 126-34.1(e) (1995). By so legislating, the General Assembly has indicated its intent to create grounds for appeal to the Commission through a contested case hearing only on issues for which appeal has been specifically authorized in G.S. section 126-34.1. G.S. section 126-34.1 does not specifically authorize appeal on the issue raised by petitioner.

Petitioner also asserts that the requirements of the Intergovernmental Personnel Act ("Act"), 42 U.S.C. § 4701 *et. seq.*

(1995), and federal and state regulations implementing the Act require the Commission to review whether the most qualified applicant was chosen for the position he sought. We disagree:

Because of its participation in a federally funded Medicaid program, respondent is required by the Act to establish and maintain personnel standards on a merit basis. *See* 42 U.S.C. 4728(b) .(1995); 5 C.F.R. §§ 900.601 to 900.606 (1996); Appendix A to 5 C.F.R., Pt. 900, Subpt. F (1996). Consequently, the Office of State Personnel has set forth, in its Personnel Manual, Standards for a Merit System of Personnel Administration which mirror the federal standards. North Carolina Office of State Personnel, Personnel Manual, section 13, 33-35 (November 1989) ("Personnel Manual").

Both the federal and state versions of these standards contain the following provision:

(b)  Resolution of Compliance Issues

* * *

(2) The merit principles apply to *systems* of personnel administration. The Intergovernmental Personnel Act does *not* authorize OPM [federal Office of Personnel Management] to exercise any authority, direction or control over the selection, assignment, advancement, retention, compensation, or other personnel action with respect to any *individual* State or local employees.

5 C.F.R. § 900.604(b) (1996); Personnel Manual, 900.604(b)(2), § 13, 34 (emphasis added). The federal and state provisions cited by petitioner simply require the state to implement a *system* of personnel administration based on merit. We are not persuaded that any of these provide petitioner with a right to a contested case hearing and appeal to the Commission on the issue of whether the most qualified applicant was selected for the position.

[2] Petitioner next asserts that the superior court erred by upholding the Commission's conclusion that the veteran's preference did not apply to his application for employment because his application was not for an "initial selection."

N.C. Gen. Stat. sections 126-80 through 126-83 establish a veteran's preference for employment in State government. G.S. section 126-80 declares the State's policy in regard to the veteran's preference as follows:

It shall be the policy of the State of North Carolina that, in appreciation for their service to this State and this country during a period of war, and *in recognition of the time and advantage lost toward the pursuit of a civilian career,* veterans shall be granted preference in employment for positions subject to the provisions of this Chapter with every State department, agency, and institution.

G.S. § 126-80 (1995) (emphasis added).

The Commission has promulgated rules implementing the preference. *See* N.C. Admin. Code tit. 25, r. 1H.0610—1H.0615 (1987). Rule 1H.0614(a) provides that "the preference . . . shall apply in initial selection and reduction in force situations only." N.C. Admin. Code tit. 25, r. 1H.0614(a) (December 1987). The term "initial selection" is not defined in the rules.

Petitioner argues that the Commission's interpretation of the applicable statute and rules is "merely a convenient litigation position" and is not reasonable or permissible. We disagree.

G.S. section 126-82 provides for application of the veteran's preference when an eligible veteran's qualifications are evaluated against the minimum requirements "for obtaining a position" and permits application of the preference in certain reduction in force situations. G.S. § 126-82(a) and (c) (1995). Given these provisions, we conclude that the Commission's rule that the veteran's preference applies only to "initial selection" and "reduction in force" situations is reasonable and permissible.

In addition, we conclude that the Commission's decision that petitioner's application was not for "initial selection" is also reasonable and permissible in light of the findings of fact made by the Commission, findings which we conclude are supported by substantial evidence in the whole record. The policy of the veteran's preference is to recognize veterans for "time and advantage lost toward the pursuit of a civilian career." G.S. § 126-80. At the time of petitioner's re-application in 1990, he had over eight years of employment with respondent and its predecessor agency. This period of time was not interrupted by military service, but by his decision to pursue private employment. The statutory purpose of compensating veterans for time and advantage lost toward the pursuit of a civilian career is given effect by application of the preference to first-time applicants and to employees in reduction in force situations. The preference

would have exponential effect if applied each time an eligible veteran reapplied for employment with the State.

We also disagree with petitioner's assertion that the definition of "initial employment" set forth in N.C. Admin. Code tit. 25, r. 01D.0201(a) (1988) controls. We do not find this definition dispositive because it does not define the term "initial selection" used in the veteran's preference regulations.

We hold that the superior court did not err in upholding the Commission's conclusion that the veteran's preference did not apply to petitioner's 1990 application for employment with respondent.

In sum, after review of the whole record in accordance with N.C. Gen. Stat. sections 150B-51(b) (1995) and 150B-52 (1995), we hold that the Commission's findings and decision are supported by substantial evidence, not based on an error of law, not arbitrary and capricious, and that the superior court did not err by so concluding.

Given our resolution of these issues, we need not address petitioner's other arguments.

Affirmed.

Judges JOHNSON and MARTIN, Mark D. concur.