NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Petitioner v. GLENN I. HODGE, Jr., Respondent

No. COA95-1329

(Filed 19 November 1996)

1. **Public Officers and Employees § 41 (NCI4th)— Personnel Commission—designation of job as exempt—constitutional standards not raised by either party**

   The State Personnel Commission erred in an action arising from the designation of a state job as policymaking exempt by applying federal constitutional standards under the First Amendment and by determining that the legal question was whether party affiliation is an appropriate requirement for the position. The constitutional issue was not raised by either party and N.C.G.S. § 126-5 only requires the Commission to determine

whether the position is one "delegated with the authority to impose the final decision as to a settled course of action to be followed within a department, agency, or division." The Commission should have limited its review to the issues presented by the parties.

**Am Jur 2d, Civil Service §§ 13, 15.**

2. **Public Officers and Employees § 43 (NCI4th)— exempt position—DOT Internal Audit Section—not a division**

The State Personnel Commission erred in an action arising from the designation of the Chief Auditor of DOT as a policymaking exempt position by determining that the Internal Audit Section of DOT was a division of a principal State department. All of the evidence shows that the Internal Audit Section remained a section and was not denominated a division even after a departmental reorganization. The record evidence also does not show that this section functioned as a principal subunit of a principal State department so as to qualify as a division pursuant to N.C.G.S. § 143B-3.

**Am Jur 2d, Civil Service § 15.**

3. **Public Officers and Employees § 43 (NCI4th)— chief DOT auditor—designation as policymaking exempt**

The trial court erred by affirming the State Personnel Commission's decision to reverse the designation of respondent's state government position as policymaking exempt where respondent was Chief of the Internal Audit Section at DOT; the Commission found that respondent supervised other auditors, decided who, what, when, how, and why to audit within the Department and was free to contact the State Bureau of Investigation concerning his findings; respondent made recommendations for change in policies and practices within the audited departmental unit; and, although the supervisor of the audited unit decided whether to implement any recommended changes, the audit recommendations were distributed to the Deputy Secretary, the State Auditor's office, and in some cases to the Federal Highway Administration. In N.C.G.S. § 126-5(b), a policymaking position is defined as a position delegated with the authority to impose the final decision as to a settled course of conduct to be followed within a department, agency, or division. Respondent had that authority; almost everyone in the DOT is

supervised by someone (even the Secretary must ultimately answer to the Governor) and it is illogical to construe N.C.G.S. § 126-5(b) as requiring that persons in policymaking positions have absolute decision-making autonomy. The Commission's findings, as supported by substantial record evidence, can only support the legal conclusion that respondent's position was properly designated as policymaking exempt.

**Am Jur 2d, Civil Service § 15.**

Appeal by petitioner from order entered 6 September 1995 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 9 September 1996.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Grayson G. Kelley, Associate Attorney General Robert O. Crawford, III, and Associate Attorney General Melanie Lewis Vtipil, for petitioner-appellant.*

*John C. Hunter for respondent-appellee.*

LEWIS, Judge.

Both this case and a companion case, *Betsy Johnson Powell v. North Carolina Department of Transportation* (COA95-1320) (opinions filed simultaneously), raise the issue of whether the Governor properly designated certain State employee positions as "policymaking" under N.C. Gen. Stat. section 126-5.

Beginning on 1 January 1992, Glenn I. Hodge, Jr. was employed by the N.C. Department of Transportation ("DOT") as an internal auditor. On 23 May 1992, he was promoted to Chief of the Internal Audit Section. On 3 May 1993, the Secretary of the DOT notified Hodge that his position would be designated "policymaking exempt" effective 17 May 1993. On 30 November 1993, the Secretary of the DOT notified Hodge that he would be fired from his position effective 3 December 1993.

Hodge filed a petition for a contested case hearing in the Office of Administrative Hearings ("OAH") challenging the designation of his position as policymaking exempt. After hearing, Senior Administrative Law Judge ("ALJ") Fred G. Morrison, Jr. recommended that the designation be reversed. In a Decision and Order dated 22 November 1994, the State Personnel Commission ("Commission") agreed and reversed the designation of Hodge's posi-

tion as policymaking exempt. The DOT petitioned for judicial review. On 6 September 1995, Judge Donald W. Stephens affirmed the Commission's Decision and Order. The DOT appeals.

The DOT contends that Judge Stephens erred by affirming the Commission's decision. We agree.

The State Personnel Act permits the Governor to designate as exempt "policymaking positions" in certain departments, including the DOT. *See* N.C. Gen. Stat. § 126-5(d)(1) (1995). Designation of a State position as policymaking exempt deprives the employee holding the position of certain protections otherwise afforded to State employees. *See* G.S. § 126-5(c)(3). In N.C. Gen. Stat. section 126-5(b), a "policymaking position" is defined as "a position delegated with the authority to impose the final decision as to a settled course of action to be followed within a department, agency, or division." G.S. § 126-5(b) (1995).

[1] By adopting the findings and conclusions of the ALJ, the Commission applied federal constitutional law standards under the First Amendment to determine whether Hodge's position was properly designated policymaking exempt. In particular, the Commission determined that the legal question presented was "whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved."

Application of this principle was legal error. The constitutional issue was not raised by either party. In fact, in the prehearing order, the parties stipulated that the issue was whether the position was correctly designated "policymaking" in accordance with G.S. section 126-5. Hodge also raised an additional issue but did not raise a constitutional challenge to the designation. The Commission should have limited its review to the issues presented by the parties.

Furthermore, G.S. section 126-5 does not require the Commission to determine whether party affiliation is an appropriate requirement for the position. Rather, it only requires the Commission to decide whether the position is one "delegated with the authority to impose the final decision as to a settled course of action to be followed within a department, agency, or division." G.S. § 126-5(b). The Commission erred by applying the incorrect legal standard, and the trial court, in turn, erred by concluding that the Commission's Decision and Order was not affected by an error of law.

**[2]** When an issue on appeal is whether a state agency erred in interpreting a statutory term, an appellate court may freely substitute its judgment for that of the agency and employ *de novo* review. *Brooks, Com'r of Labor v. Rebarco, Inc.*, 91 N.C. App. 459, 463, 372 S.E.2d 342, 344 (1988). After review of the findings of fact made by the Commission and the evidence of record, we conclude that the Commission erred by determining that Hodge's position was not properly designated as policymaking exempt.

The DOT asserts that at the time Hodge's position was designated as policymaking, the Internal Audit Section was a "division" of the DOT, a principal state department under G.S. section 143B-6. The term "division" is not defined in the State Personnel Act. However, it is defined in the Executive Organization Act, N.C. Gen. Stat. section 143B-1 *et. seq.*, as "the principal subunit of a principal State department." G.S. § 143B-3 (1993).

Contrary to the DOT's assertions, the record does not show that, as Chief Internal Auditor, Hodge headed a division within the DOT. Rather, all of the evidence shows that, even after a departmental reorganization in February 1993, the Internal Audit "Section" remained a "section" and was not denominated a "division." The record evidence also does not show that this section functioned as a "principal subunit of a principal State department" so as to qualify as a division pursuant to G.S. section 143B-3.

**[3]** However, the record evidence does show and the Commission's finding number 3 supports the conclusion that Hodge, as Chief of the Internal Audit Section, was delegated with the authority to impose the final decision as to a settled course of action to be followed within the DOT and within divisions of the DOT. The Commission found:

> 3. As Chief of the Internal Audit Section, the Petitioner exercised broad flexibility and independence. In addition to supervising other auditors, he could decide who, what, when, how, and why to audit within the Department. While he could not order implementation of any recommendations, he was free to contact the State Bureau of Investigation concerning his findings.

The DOT objects to this finding on the grounds that it is incomplete. Although we agree that this finding is incomplete in that it does not show the extent of the impact of Hodge's decisions on the entire DOT, we find it adequate to support a conclusion that his position was properly designated policymaking exempt.

In addition, the undisputed record evidence supports our conclusion that the position was properly designated "policymaking." The record evidence shows that, as Chief of the Internal Audit Section, Hodge determined which audits would be performed throughout the DOT, including the Office of the Secretary, and made recommendations for change in policies and practices within the audited departmental unit. Although the persons supervising the audited unit decided whether to implement any recommended changes, the audit recommendations of Hodge were distributed to the Deputy Secretary, the State Auditor's office, and in some cases, but not all, to the Federal Highway Administration. As the Commission found, Hodge had the authority to report his findings to the State Bureau of Investigation when required by law.

Finding number 3 and the other record evidence demonstrate that he had authority to impose the final decision on a settled course of action within the DOT and within divisions of the DOT. This is true even though others higher in the departmental hierarchy ultimately decided whether the DOT would implement audit recommendations. Almost everyone in the DOT is supervised by someone. Even the Secretary of the DOT must ultimately answer to the Governor. It would be illogical to construe G.S. section 126-5(b) as requiring that persons in policymaking positions have absolute decisionmaking autonomy.

An appellate court may reverse or modify a final agency decision if the substantial rights of the petitioner may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are, inter alia, affected by error of law. N.C. Gen. Stat. § 150B-51(b)(4) (1995); *Professional Food Services Mgmt. v. N.C. Dept. of Admin.*, 109 N.C. App. 265, 268, 426 S.E.2d 447, 449 (1993). We hold that the Commission's findings, as supported by substantial record evidence, can only support the legal conclusion that Hodge's position was properly designated as policymaking exempt, and that substantial rights of petitioner DOT have been prejudiced by legal error in the Commission's Decision and Order.

Since the trial court erred by affirming the contrary conclusion reached by the Commission, we reverse the trial court's order and the Commission's Decision and Order. The case is remanded with the mandate that the position of Chief of the Internal Audit Section be designated policymaking exempt.

Judges JOHNSON and WYNN concur.