GLENN I. HODGE, JR., Plaintiff v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION and NORRIS TOLSON, Secretary of the North Carolina Department of Transportation, Defendants

No. COA99-392

(Filed 4 April 2000)

1. **Public Officers and Employees— reinstatement—injunctive relief—subject matter jurisdiction—superior court**

   The trial court did not err by failing to dismiss plaintiff's action requesting a preliminary injunction ordering defendants to reinstate plaintiff to his former position as Chief Internal Auditor of the DOT and restraining defendants from filling the position with any person other than plaintiff, based on lack of subject matter jurisdiction, because: (1) N.C.G.S. § 7A-245 provides that the superior court is the proper division to enforce claims for injunctive relief; (2) N.C.G.S. § 7A-270 provides that the superior courts have "general jurisdiction" of all justiciable matters of a civil

nature whose jurisdiction is not specifically placed elsewhere; and (3) the State Personnel Act does not place jurisdiction over this matter with the State Personnel Commission since N.C.G.S. § 126-34.1 indicates the specific grounds for appeal to the Commission.

**2. Police Officers and Employees— reinstatement—preliminary injunction—failure to show irreparable harm**

The trial court erred in granting plaintiff's request for a preliminary injunction to restrain defendants from filling the position of Chief Internal Auditor of DOT with any person other than plaintiff because: (1) plaintiff has failed to show that he would suffer irreparable harm absent issuance of the injunction when plaintiff has been reinstated to a similar position at the same pay grade he enjoyed prior to dismissal; and (2) the potential harm to defendant DOT resulting from the grant of the injunction outweighs any potential harm to plaintiff.

**3. Public Officers and Employees— wrongful termination— reinstatement**

The trial court erred in denying summary judgment for defendant DOT and in granting summary judgment for plaintiff on the issue of reinstating plaintiff to the position of Chief Internal Auditor of DOT because plaintiff has been reinstated to a similar position at the same pay grade which he enjoyed prior to dismissal, and an order for reinstatement need not mandate that the employee be reinstated to the exact position from which he was dismissed.

Judge WALKER dissenting.

Appeal by defendant from judgment entered 12 February 1999 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 10 January 1999.

*Broughton, Wilkins, Webb & Sugg, P.A., by Randolph Palmer Sugg, for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Robert O. Crawford, III and Assistant Attorney General Sarah Ann Lannom, for defendant-appellants.*

**HODGE v. N.C. DEP'T OF TRANSP.**

[137 N.C. App. 247 (2000)]

EAGLES, Chief Judge.

Beginning 1 January 1992, Defendant North Carolina Department of Transportation ("DOT") employed Plaintiff Glenn I. Hodge, Jr. as an internal auditor. In May 1992, plaintiff was promoted to Chief of the Internal Audit Section for DOT. The Chief Internal Auditor supervises a staff of auditors who conduct audits of DOT activities and expenditures. In May 1993, the DOT notified plaintiff that his position was reclassified as policymaking exempt pursuant to N.C.G.S. § 126-5(d). Mr. Hodge filed a petition for a contested case hearing in the Office of Administrative Hearings challenging the designation of his position as policymaking exempt. On 30 November 1993, the DOT dismissed Mr. Hodge as Chief of the Internal Audit Section.

A contested case hearing was conducted before an administrative law judge ("ALJ"). The ALJ ruled that the position of Chief Internal Auditor was not a proper policymaking position under N.C.G.S. § 126-5(d). The ALJ found that the Chief of the Internal Audit Section had no inherent or delegated authority to implement recommendations or order action based on audit findings. The ALJ issued a recommended decision reversing the DOT's designation of the position as exempt, and found that the designation of the position as exempt was the equivalent of being dismissed.

In November 1994, the State Personnel Commission adopted the ALJ's findings of fact and conclusions of law as its own and reversed the designation of the position of Chief of the Internal Audit Section as "policymaking exempt" under N.C.G.S. § 126-5(d). Wake County Superior Court affirmed the State Personnel Commission's order. This Court reversed the trial court's order. *See N.C. Dept. of Transportation v. Hodge,* 124 N.C. App. 515, 520, 478 S.E.2d 30, 33 (1996). In 1998, the North Carolina Supreme Court reversed the decision of the Court of Appeals, concluding that Mr. Hodge's final decisionmaking authority at the section level did not rise to the level of authority required by N.C.G.S. § 126-5(b) to be considered policymaking. *See N.C. Dept. of Transportation v. Hodge,* 347 N.C. 602, 499 S.E.2d 187 (1998).

As a result of the North Carolina Supreme Court's decision, Mr. Hodge was awarded back pay and the DOT reinstated him to employment in May 1998. However, the Supreme Court's decision did not deal with whether plaintiff was to be reinstated as Chief Internal Auditor of the Internal Audit Section. Instead, Mr. Hodge was rein-

stated as an Internal Auditor II in the Single Audit Compliance Unit. Mr. Hodge's pay grade as an Internal Auditor II, pay grade 78, is the same as the pay grade that he held at the time of his employment as Chief of the Internal Audit Section.

On 24 July 1998, Mr. Hodge applied to Wake County Superior Court for injunctive relief to compel defendant to reinstate him to the position of Chief of the Internal Audit Section of DOT pursuant to 25 N.C.A.C. 1B.0428, which defines reinstatement as "the return to employment of a dismissed employee, in the same or similar position, at the same pay grade and step which the employee enjoyed prior to dismissal." Mr. Hodge also sought to enjoin the defendant from filling the position of Chief of the Internal Audit Section with any person other than himself. In August 1998, Judge Narley Cashwell granted Mr. Hodge's application for a preliminary injunction. In February 1999, Judge Cashwell denied DOT's motion for summary judgment and granted plaintiff's cross-motion for summary judgment. Defendant DOT appeals.

**[1]** The appellant first argues that the trial court erred in failing to dismiss plaintiff's action for lack of subject matter jurisdiction. Appellant contends that the superior court lacks jurisdiction over the matter and that the State Personnel Commission has exclusive original jurisdiction pursuant to N.C.G.S. § 126-1.

In general, claims for injunctive relief to enforce a regulation fall within the province of the superior court. Under N.C.G.S. § 7A-245, "[t]he superior court division is the proper division . . . for the trial of civil actions where the principal relief prayed is . . . [i]njunctive relief to compel enforcement of any . . . regulation." N.C.G.S. § 7A-245(a)(2). The superior courts have "general jurisdiction" of all justiciable matters of a civil nature whose jurisdiction is not specifically placed elsewhere. *See* N.C.G.S. § 7A-240. *See also Simeon v. Hardin*, 339 N.C. 358, 368, 451 S.E.2d 858, 865 (1994). Accordingly, we must evaluate whether jurisdiction over this matter has been specifically placed with the State Personnel Commission.

The State Personnel Commission has the power to establish policies and rules governing the appointment, promotion, transfer, demotion, suspension, and separation of employees. *See* N.C.G.S. § 126-4. The State Personnel Act, N.C.G.S. 126-1 through 126-90, sets forth grievance procedures available to state employees. *See Batten v. N.C. Dept. of Correction*, 326 N.C. 338, 340, 389 S.E.2d 35, 37 (1990) (disapproved of on other grounds by *Empire Power Co. v. N.C. Dept. of*

*E.H.N.R.*, 337 N.C. 569, 447 S.E.2d 768, *reh'g denied*, 338 N.C. 314, 451 S.E.2d 634 (1994)).

The Act confers specific rights upon state employees to appeal "contested cases" to the State Personnel Commission through the Office of Administrative Hearings. *See* N.C.G.S. § 126-37(a). The North Carolina General Assembly has given the State Personnel Commission the jurisdiction to resolve only those contested case issues specifically delineated in the State Personnel Act. *See Dunn v. N.C. Dept. of Human Resources*, 124 N.C. App. 158, 160-61, 476 S.E.2d 383, 385 (1996). N.C.G.S. § 126-34.1(e) provides: "[a]ny issue for which appeal to the State Personnel Commission through the filing of a contested case under Article 3 of Chapter 150B of the General Statutes has not been specifically authorized by this section shall not be grounds for a contested case under Chapter 126." The language of the statute indicates the General Assembly's intent to create grounds for appeal to the Commission only on issues for which appeal has been specifically authorized in N.C.G.S. § 126-34.1. Here, the plaintiff seeks injunctive relief ordering reinstatement of plaintiff to the "same or similar position" pursuant to 25 N.C.A.C. 1B.0428. N.C.G.S. § 126-34.1 does not specifically authorize appeal on this issue. Accordingly, we conclude that the State Personnel Act does not place jurisdiction over this matter with the State Personnel Commission.

In arguing that the superior court lacks jurisdiction over this matter, appellant relies on *N.C. Dept. of Transportation v. Davenport*, 108 N.C. App. 178, 181, 423 S.E.2d 327, 329 (1992), where this Court held that DOT's motion to dismiss plaintiff employee's contempt proceedings should have been granted because the superior court did not have subject matter jurisdiction. Appellant argues that the plaintiff's request for injunctive relief here is analogous to Davenport's motion for contempt.

We note that the North Carolina Supreme Court affirmed the Court of Appeals opinion in *Davenport* solely on the grounds that the superior court lacked authority to hold a state agency in contempt. *See N.C. Dept. of Transportation v. Davenport*, 334 N.C. 428, 432 S.E.2d 303 (1993). Further, the *Davenport* case is distinguishable. In *Davenport*, the plaintiff did not bring a separate, original action in superior court to enforce a regulation. Rather, Davenport made a motion in superior court seeking to hold DOT in contempt for failing to obey the superior court's prior order directing Davenport's reinstatement. Here, Mr. Hodge did not make a motion in superior court seeking to hold DOT in contempt. Finally, we note that *Davenport*

was decided before the General Assembly amended the State Personnel Act to include N.C.G.S. § 126-34.1(e), which specifies that the State Personnel Commission has jurisdiction to resolve only those contested case issues specifically listed in the statute. We infer that the General Assembly, by listing the contested case issues under the jurisdiction of the State Personnel Commission, intended other matters to remain with the superior court. Accordingly, we conclude that the superior court properly determined that it had subject matter jurisdiction over this matter.

[2] Next, we consider whether the trial court erred in granting plaintiff's request for a preliminary injunction and restraining defendants from filling the position of Chief Internal Auditor with any person other than the plaintiff. "In our review of the entry of the injunction by the Superior Court we . . . may consider the evidence and determine independently the plaintiff's right to preliminary injunctive relief." *Williams v. Greene*, 36 N.C. App. 80, 85, 243 S.E.2d 156, 160, *disc. review denied*, 295 N.C. 471, 246 S.E.2d 12 (1978). To justify the issuance of a preliminary injunction, plaintiff must show (1) there is a likelihood that he will succeed on the merits of his case, and (2) that he will suffer an irreparable injury unless the injunction is issued. *See Town of Knightdale v. Vaughn*, 95 N.C. App. 649, 651, 383 S.E.2d 460, 461 (1989). The burden of proof lies with the party seeking the injunction. *See Comfort Spring Corp. v. Burroughs*, 217 N.C. 658, 9 S.E.2d 473 (1940). The party seeking the injunction must do more than merely allege irreparable injury. *See Telephone Co. v. Plastics, Inc.*, 287 N.C. 232, 236, 214 S.E.2d 49, 52 (1975). *See also Town of Knightdale*, 95 N.C. App. at 651, 383 S.E.2d at 461. The applicant is required to set out with particularity facts supporting appropriate allegations so that the court can decide for itself whether irreparable injury will occur. *See Telephone Co.*, 287 N.C. at 236, 214 S.E.2d at 52. "An injury is irreparable, within the law of injunctions, where it is of a 'peculiar nature, so that compensation in money cannot atone for it.'" *Frink v. Board of Transportation*, 27 N.C. App. 207, 209, 218 S.E.2d 713, 714 (1975) (quoting *Gause v. Perkins*, 56 N.C. 177 (1857)).

Here, the plaintiff has failed to show that he would suffer irreparable harm absent issuance of the injunction. The plaintiff attempts to argue that he will be irreparably harmed unless he is allowed to work as the Chief of the Internal Audit Section for DOT. However, under 25 N.C.A.C. 1B.0428, "[r]einstatement means the return to employment of a dismissed employee, in the same or *similar* position, at the same pay grade and step which the employee

enjoyed prior to dismissal." [Emphasis added.] N.C. Admin. Code Tit. 25, r. 1B.0428. An order for reinstatement need not mandate that the employee be reinstated to the exact position from which he was dismissed. Further, there is no requirement under 25 N.C.A.C. 1B.0428 that the employee's job duties be identical if the pay grade, salary and general employment classification are the same.

In *N.C. Dept. of Correction v. Myers*, 120 N.C. App. 437, 462 S.E.2d 824 (1995), a correctional officer who had been demoted was reinstated to a position in a different location with the same pay grade and step level. This Court held that the officer was properly reinstated, even though he was not reinstated to his former position and location. *See N.C. Dept. of Correction v. Myers*, 120 N.C. App. 437, 462 S.E.2d 824 (1995). Here, the plaintiff was reinstated as an auditor with the DOT. The plaintiff earns a salary of $47,997, pay grade 78, which is the same salary and pay grade he would have earned had he not been dismissed as Chief of the Internal Audit Section. Pursuant to 1B.0428, the plaintiff has been reinstated to a similar position at the same pay grade which he enjoyed prior to dismissal.

In deciding whether to issue an injunction, the judge should engage in a balancing process, weighing potential harm to the plaintiff if the injunction is not issued against the potential harm to the defendant if the injunction is issued. *See Williams*, 36 N.C. App. at 86, 243 S.E.2d at 160. In evaluating the potential harm to the defendant, the trial court must give serious weight to the disruptive effect that granting an injunction would have upon business and administrative operations. *See id.* at 85-6, 243 S.E.2d at 160. Here, the DOT showed that it would be harmed if the position of Chief Internal Auditor could not be filled with anyone other than plaintiff because the section's operations would be disrupted, and the DOT would be unfairly restricted in management of its own operations. In contrast, the plaintiff was unable to show financial loss or other harm, much less irreparable injury, if the injunction were not granted. The potential harm to the Defendant DOT resulting from the grant of an injunction outweighs the potential harm to the plaintiff. Accordingly, we conclude that the preliminary injunction was improperly granted.

[3] We next consider whether the trial court erred in denying summary judgment for the defendant and granting summary judgment for the plaintiff. Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). The evidence is viewed in the light most favorable to the non-movant. *See Babb v. Harnett County Bd. of Education*, 118 N.C. App. 291, 294, 454 S.E.2d 833, 835, *disc. review denied*, 340 N.C. 358, 458 S.E.2d 184 (1995). Here, there is no genuine issue as to any material fact. Further, the factual evidence before the trial court at the time of the summary judgment hearing was the same as the evidence before the court at the time of the preliminary injunction hearing. The legal arguments at the summary judgment hearing were also similar to those at the preliminary injunction hearing. Based on these arguments, discussed above, we hold that the trial court erred in concluding that the plaintiff was entitled to judgment as a matter of law. It was error to order that the plaintiff be reinstated to the position of Chief Internal Auditor. Accordingly, we reverse the trial court's order granting summary judgment in favor of plaintiff, and remand the case to Superior Court for entry of summary judgment in favor of defendants.

Reversed and remanded.

Judge WYNN concurs.

Judge WALKER dissents.

Judge WALKER dissenting.

I respectfully dissent and would affirm the trial court's order granting summary judgment to plaintiff. I disagree with the majority opinion that the plaintiff's current position of internal auditor with the DOT is a similar position to the position of Chief of the Internal Audit Section which he formerly held. The only similarity in the two positions is the pay grade plaintiff receives.

Pursuant to 25 N.C.A.C. 1B.0428, plaintiff was entitled to be reinstated to the same or a similar position. Plaintiff was reinstated to the position of an internal auditor in the Single Audit Compliance Unit of the External Audit Branch of the Fiscal Section of the DOT.

In *N.C. Dept. of Transportation v. Hodge*, 347 N.C. 602, 499 S.E.2d 187 (1998), our Supreme Court discussed the unique duties and responsibilities of the Chief Internal Auditor. The Court found:

Substantial evidence presented by both parties showed that the position of Chief of the Internal Audit Section carried consider-

able independence and responsibility. . . . Hodge, as Chief Internal Auditor, could recommend action on audit findings. . . . The substantial evidence in the record amply supports a finding that the Chief of the Internal Audit Section had final decision-making authority within that section. . . .

*Hodge*, 347 N.C. at 606, 499 S.E.2d at 190.

Former Chief Justice Mitchell similarly discussed the responsibilities of the Chief Internal Auditor in his dissent:

[T]he . . . Chief of the Internal Audit Section . . . independently directs and supervises all activities and personnel in the Internal Audit Section. . . . Auditors are assigned by the Chief of the Internal Audit Section to conduct particular audits, and the Chief of the Internal Audit Section also controls the scope, objectives, findings, and recommendations of any audit conducted in any of the divisions of DOT. Further, the Chief of the Internal Audit Section prepares manuals, guide programs, and audit procedures and gives related instructions for all auditors to utilize in performing audits throughout the entire DOT. The testimony of petitioner Hodge was that his decisions in all the foregoing regards were not reviewable or reviewed by anyone in the DOT or elsewhere.

*Hodge*, 347 N.C. at 613, 499 S.E.2d at 194. Additionally, as the majority notes, the Chief Internal Auditor supervises a staff of auditors.

Further, the Administrative Law Judge made this finding regarding the Chief Internal Auditor position:

3. As Chief of the Internal Audit Section, the Petitioner [Hodge] exercised broad flexibility and independence. In addition to supervising other auditors, he could decide who, what, when, how, and why to audit within the Department. While he could not order implementation of any recommendations, he was free to contact the State Bureau of Investigation concerning his findings.

*Hodge*, 347 N.C. at 604, 499 S.E.2d at 189.

In contrast, plaintiff's affidavit states that in his reinstated position, "I now supervise no employees and report to the Manager of the Single Audit Compliance Unit." Indeed, the defendants concede that plaintiff's current job duties are not similar to his former job duties.

The majority relies on *N.C. Dept. of Correction v. Myers*, 120 N.C. App. 437, 462 S.E.2d 824 (1995) for the proposition that reinstatement does not require placement in an employee's former position and location. *Myers*, however, is distinguishable from the case *sub judice*. In *Myers*, the employee worked as "a unit supervisor for the [Department of Correction] in Davidson County." *Id.* at 439, 462 S.E.2d at 825. Plaintiff was "reinstated to Supervisor III in Davie County with back pay." *Id.* at 440, 462 S.E.2d at 826. This Court held that the plaintiff "was returned to the same pay grade and step as before his demotion even though he works at a different location." *Id.* at 443, 462 S.E.2d at 828.

This Court in *Myers* did not address the duties and responsibilities of the two positions involved. Here, there are numerous differences in the responsibilities and duties required of the positions. Additionally, plaintiff was originally employed with DOT as an internal auditor and was "promoted to the position of Chief of the Internal Audit Section." *Hodge*, 347 N.C. at 603, 499 S.E.2d at 188. A return to the position of internal auditor, albeit with the same pay grade of the Chief Internal Auditor, is not a similar position. Accordingly, the trial court did not abuse its discretion in entering summary judgment for plaintiff.