GLENN I. HODGE, JR., Plaintiff v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION and NORRIS TOLSON, Secretary of the North Carolina Department of Transportation, Defendants

No. COA03-51

(Filed 16 December 2003)

**Costs— attorney fees—failure to file timely motion**

The trial court erred by ordering defendants to pay plaintiff attorney fees under N.C.G.S. § 6-19.1 in a claim for injunctive relief to compel plaintiff's reinstatement to the position of Chief Internal Auditor, because: (1) a request for attorney fees contained within a complaint's prayer for relief does not constitute a petition within the meaning of N.C.G.S. § 6-19.1; and (2) the trial court did not have jurisdiction to hear plaintiff's motion for attorney fees since plaintiff failed to petition for attorney fees within thirty days of the final disposition of his case.

Appeal by defendants from judgment entered 15 October 2002 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 28 October 2003.

*Broughton Wilkins Sugg & Thompson, P.L.L.C., by R. Palmer Sugg, for plaintiff-appellee.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Robert O. Crawford, III and Assistant Attorney General Sarah Ann Lannom, for defendants-appellants.*

ELMORE, Judge.

In this appeal, we must determine whether the trial court erred by ordering the North Carolina Department of Transportation (DOT) and Norris Tolson (collectively, defendants) to pay attorney's fees incurred by Glenn I. Hodge, Jr. (plaintiff) in plaintiff's prosecution of his claim for injunctive relief. For the reasons discussed herein, we conclude that the trial court did not have jurisdiction to hear plaintiff's motion for attorney's fees pursuant to N.C. Gen. Stat. § 6-19.1 (2003), and we vacate the trial court's order.

The facts are set out in full in a previous opinion of this Court, *Hodge v. N.C. Dep't. of Transportation*, 137 N.C. App. 247, 528 S.E.2d 22, *rev'd*, 352 N.C. 664, 535 S.E.2d 32 (2000). Briefly, plaintiff was employed in January 1992 by the DOT as an internal auditor and was promoted to chief of the DOT's Internal Audit Section in May 1992. In May 1993, plaintiff's position was reclassified as policymaking exempt pursuant to N.C. Gen. Stat. § 126-5(d). Plaintiff petitioned the Office of Administrative Hearings for a contested case hearing challenging this reclassification, and in November 1993, the DOT dismissed plaintiff as chief of its Internal Audit Section. After proceedings before the Office of Administrative Hearings, the State Personnel Commission, the Wake County Superior Court, and this Court, our Supreme Court ultimately determined that the position of Chief Internal Auditor had been improperly reclassified as policymaking exempt. *See N.C. Dept. of Transportation v. Hodge*, 347 N.C. 602, 499 S.E.2d 187 (1998). Consequently, plaintiff was awarded back pay and reinstated to employment by the DOT in May 1998, albeit as an Internal Auditor II rather than as Chief Internal Auditor.

In July 1998, plaintiff commenced the litigation giving rise to this appeal by applying to the Wake County Superior Court for injunctive relief to compel his reinstatement to the position of Chief Internal Auditor. On 12 February 1999, the trial court granted summary judgment in plaintiff's favor and ordered that he be immediately reinstated to the position of Chief Internal Auditor. On appeal, a divided panel of this Court reversed the trial court's order. *See Hodge v. N.C. Dep't. of Transportation*, 137 N.C. App. 247, 528 S.E.2d 22 (2000). However, in an opinion filed 6 October 2000, our Supreme Court reversed this Court's decision, effectively reinstating the trial court's order granting summary judgment and injunctive relief in plaintiff's favor. *See Hodge v. N.C. Dep't. of Transportation*, 352 N.C. 664, 535 S.E.2d 32 (2000) *(per curiam)*. Approximately seventeen months later, on 15 March 2002, plaintiff filed a motion seeking to recover

attorney's fees from defendants. By its order entered 15 October 2002, the trial court granted plaintiff's motion and awarded reasonable attorney's fees in the amount of $25,500.00, and costs in the amount of $837.85. From this order, defendants now appeal.

By their first assignment of error, defendants contend the trial court lacked jurisdiction to award attorney's fees pursuant to N.C. Gen. Stat. § 6-19.1, because plaintiff did not file his motion within 30 days of the final disposition of his case. We agree.

Section 6-19.1 of our General Statutes provides, in pertinent part, as follows:

In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary action by a licensing board, brought by the State or brought by a party who is contesting State action pursuant to G.S. 150B-43 or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees, including attorney's fees applicable to the administrative review portion of the case, in contested cases arising under Article 3 of Chapter 150B, to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust. *The party shall petition for the attorney's fees within 30 days following final disposition of the case.* The petition shall be supported by an affidavit setting forth the basis for the request. . . .

N.C. Gen. Stat. § 6-19.1 (2003) (emphasis added).

In reviewing an award of attorney's fees under Section 6-19.1, a different panel of this Court has previously stated that "[t]he 30-day filing period contained in the statute is a *jurisdictional prerequisite* to the award of attorney's fees, and it begins to run *after the decision has become final* and it is too late to appeal." *Whiteco Industries, Inc. v. Harrelson*, 111 N.C. App. 815, 818, 434 S.E.2d 229, 232 (1993), *appeal dismissed and disc. review denied*, 335 N.C. 566, 441 S.E.2d 135 (1994) (citations omitted) (emphasis added). In *Whiteco*, this Court cited with approval the *Black's Law Dictionary*

definition of "final disposition" as " '[s]uch a conclusive determination of the subject-matter that after the award, judgment, or decision is made, nothing further remains to fix the rights and obligations of the parties, and no further controversy or litigation can arise thereon.' " *Id.* at 818, 434 S.E.2d at 232 (quoting *Black's Law Dictionary* 630 (6th ed. 1990)).

In the present case, we conclude that the litigation underlying the instant appeal reached its "final disposition" within the meaning of Section 6-19.1(2) twenty days after the North Carolina Supreme Court filed its written opinion on 6 October 2000 reinstating plaintiff to the position of chief of the DOT's Internal Audit Section. *See* N.C.R. App. P. 32(b) (2004) (unless an appellate court orders otherwise, its mandate shall issue 20 days after the court's written opinion is filed with the clerk). We reject plaintiff's contention that he satisfied the 30-day filing period contained in Section 6-19.1(2) by praying for attorney's fees within the complaint by which he initiated this litigation. The statute's plain language requires a prevailing party seeking recovery of attorney's fees to "*petition*" for them. "When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." *Lemons v. Old Hickory Council*, 322 N.C. 271, 276, 367 S.E.2d 655, 658, *reh'g denied*, 322 N.C. 610, 370 S.E.2d 247 (1988). Because a petition is "[a] formal written application to a court requesting judicial action on a certain matter," *see Black's Law Dictionary* 1145 (6th ed. 1990), we conclude that a request for attorney's fees contained within a complaint's prayer for relief does not constitute a "petition" within the meaning of Section 6-19.1(2).

Because plaintiff did not move for attorney's fees until 15 March 2002, almost a year and a half after final disposition of his case, we hold that plaintiff failed to satisfy the "jurisdictional prerequisite" imposed by Section 6-19.1(2) that he petition for attorney's fees within 30 days of his case's final disposition. *Whiteco*, 111 N.C. App. at 818, 434 S.E.2d at 232. Accordingly, we vacate the trial court's order awarding attorney's fees and costs to plaintiff and remand to the trial court for entry of an order dismissing plaintiff's motion for attorney's fees and costs.

Because we conclude that the trial court lacked jurisdiction to order an award of attorney's fees to plaintiff, we need not address defendants' remaining assignments of error.

Vacated and remanded.

Judges WYNN and TIMMONS-GOODSON concur.